### KNOX v. CUNNINGHAM. (No. 626.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 9, 1920.)

**1. Pleading** &#9740;111—**Plea of privilege held insufficient to require plaintiff to offer proof in support of venue.**

In an action claimed by plaintiff to be an action for malicious prosecution and false imprisonment, under defendant's plea of privilege not denying the jurisdictional grounds but alleging the conclusion that the action was one for libel and slander and triable only in the county where one of the parties resided, plaintiff was not required to offer any proof to sustain the venue.

**2. Pleading** &#9740;111—**"Proper plea of privilege" constituting prima facie proof must put jurisdictional facts in issue.**

While a proper plea of privilege to be sued in the county of one's residence is prima facie proof of its genuineness and unless contested should be granted, to be a "proper plea of privilege" it must put in issue the jurisdictional facts alleged by plaintiff, and this rule of pleading is not changed by the Amendment of 1917.

**3. Venue** &#9740;8—**Petition held to state cause of action for malicious prosecution and false imprisonment within statute as to venue.**

A petition, alleging that defendant willfully and maliciously instituted criminal proceedings against plaintiff on the charge of forgery and that on such charge plaintiff was imprisoned in

---

&#9740;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the county jail, did not state a cause of action for libel and slander, but for malicious prosecution and false imprisonment, within Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, § 9, providing that where the foundation of the suit is some crime, offense, or trespass, the suit may be brought in the county where it was committed.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Suit by C. A. Cunningham against Hiram Knox. From a judgment overruling defendant's plea of privilege, he appeals. Affirmed.

Montooth & Collins, of Lufkin, and S. M. Adams, of Nacogdoches, for appellant.

V. E. Middlebrook, of Nacogdoches, for appellee.

WALKER, J. C. A. Cunningham filed suit in the district court of Nacogdoches county against Hiram Knox for damages, alleging that Knox had willfully and maliciously instituted criminal proceedings against him in Nacogdoches county on the charge of forgery, and that on these charges he was imprisoned in the county jail of that county. Appellant answered by plea of privilege, duly verified, praying that this cause be transferred to Sabine county, where he resided. In addition to the statutory allegations, he further pleaded:

"That this is an action for damages for libel and slander, and that actions in such cases can only be maintained in the county in which the plaintiff in such action resided at the time of the accrual of the cause of action, or in the county where the plaintiff resided at the time of the filing of suit, or in the county of the residence of the defendant, and that at the time of the commencement and filing of this suit the plaintiff was not a resident of Nacogdoches county, state of Texas, but was then a resident of another and different county, that this defendant was, and is yet, an inhabitant of Sabine county, state of Texas."

Appellee replied to this plea by general demurrer and by affidavit to the effect:

"That his suit is not a suit sounding in damages for libel or slander; that it is a suit for damages for malicious prosecution and imprisonment; and that the statutes specifically provide that such suit may be brought in the county where such malicious prosecution and imprisonment was had, as is provided in section 9 of article 1830, V. S. C. S."

[1, 2] Appellee offered no proof to sustain his venue in Nacogdoches county, nor under the plea of privilege filed by appellant was he required to do so. We agree with appellant in his proposition that—

"A proper plea of privilege to be sued in one's county is prima facie proof of its genuineness, and, unless the same is contested, it shall be granted."

But to be "a proper plea of privilege" it must put in issue the jurisdictional facts alleged by plaintiff. Pearce v. Wallis, 58 Tex. Civ. App. 315, 124 S. W. 496; Drummond v. Bank, 152 S. W. 739; Baldwin v. Richardson, 87 S. W. 353; Kirkpatrick v. Bank, 148 S. W. 362.

The amendment of 1917, invoked by appellant, does not change this rule of pleading. But if the plea is in the words of the amended act, unqualified it is "tantamount to a full, complete, and detailed denial under oath, of the facts alleged in appellee's petition, the existence of which appellee claimed conferred jurisdiction over appellant." Murphy v. Dabney, 208 S. W. 984.

[3] Appellant did not undertake to deny the jurisdictional grounds alleged by plaintiff, but from these allegations he draws the legal conclusion that plaintiff's suit was for libel and slander, and not for malicious prosecution and false imprisonment. We do not agree with this construction of plaintiff's petition. As we construe this petition, it comes within the exception invoked by appellee in his controverting affidavit.

In construing a plea entirely similar in effect to the plea in this case, Judge Dunklin, in Thomason v. Ham, 210 S. W. 561, said:

"Article 1903 of the statutes, relating to the denial under oath of existence of any of the exceptions to exclusive venue in the county of one's residence, had in view a denial of facts, and not denials involving mere conclusions of law drawn from an interpretation of plaintiffs' petition."

As the plea of privilege did not put in issue the jurisdictional facts alleged by plaintiff, the trial court did not err in overruling it.

The judgment of the trial court is in all things affirmed.