## UVALDE PAVING CO. v. DAVIS et al. (No. 158.)

(Court of Civil Appeals of Texas. Waco. Feb. 19, 1925.)

Pleading ⚖️111—Plea of privilege in statutory form should be sustained, in absence of controverting affidavit.

Plaintiff having filed no controverting affidavit, plea of privilege in statutory form should be sustained.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Suit by J. D. Davis and others, as trustees of Common School District No. 42 in Limestone County, against the Uvalde Paving Company. From an order and judgment overruling a plea of privilege and refusing to transfer cause, defendant appeals. Reversed, with instructions.

Ira Lawley, of Groesbeck, for appellant.

Robert M. Lyles and J. E. Bradley, both of Groesbeck, for appellees.

BARCUS, J. This was an injunction suit filed by appellees as trustees of common school district No. 42 in Limestone county, against appellant, seeking to enjoin appellants from closing the X-All Highway in Limestone county. A temporary restraining order was granted in chambers by the court when the petition was presented to him. Appellant in due time filed its plea of privilege in statutory form, claiming its privilege to be sued, if at all, in Dallas county. There was no controverting affidavit filed to the plea of privilege. The judgment of the trial court overruling the plea of privilege recites that it was heard with all parties present and after the plaintiff had been given notice thereof. The court overruled the plea of privilege and refused to transfer the cause, to ·which the appellant excepted and gave notice of appeal, and it is from this order and judgment the appeal is perfected.

The appellee having filed no controverting affidavit, and the plea of privilege of appellant having been in statutory form, the trial court should have sustained same. Where the defendant in the trial court files a plea of privilege, it is incumbent upon the plaintiff to both plead and prove such facts as will give the trial court jurisdiction, and, in the absence of pleading and proof on the part of the plaintiff, it is the duty of the trial court to sustain the plea of privilege and transfer the cause to the county of the residence of the defendant. Randals v. Green (Tex. Civ. App.) 258 S. W. 529; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Bennett v. Rose Mfg. Co. (Tex. Civ. App.) 226 S. W. 143.

The judgment of the trial court is reversed, with instructions to the trial court to sustain the plea of privilege and transfer the cause to Dallas county.