**MORRISSEY v. AMBURGEY et al. ***
(No. 1976.)

(Court of Civil Appeals of Texas. El Paso. Feb. 17, 1927. Rehearing Denied March 10, 1927.)

1. Mines and minerals ☞50—Plaintiff in trespass to try title under oil lease must prove his title, and cannot rely on weakness of lessor's title.

In suit in trespass to try title, the plaintiff was under a burden to establish his title under an oil and gas lease, and could not recover on the weakness of the lessor's title.

2. Mines and minerals ☞73—Oil lease, terminating by its terms upon failure to commence well or pay rent, granted determinable fee.

An oil lease, terminating under its terms upon failure of the lessee to commence a well or pay rental by a specified date, granted a fee determinable ipso facto upon condition broken, not an estate upon condition subsequent remaining in the holder until re-entry asserted.

3. Mines and minerals ☞78(2)—Lessor's forfeiture of land to state did not suspend condition for determination of oil lease, under statute granting owner preference for repurchase (Acts 39th Leg. [1925] c. 94).

Lessor's forfeiture of school lands did not suspend, while title remained in the state until repurchase by him, operation of a condition in an oil lease for termination on failure to drill or pay rental, in view of provisions of Acts 39th Leg. (1925) c. 94, giving the former owner a preference right to repurchase and preserving unimpaired any lien against land so repurchased, and of provisions in the lease for subrogating the lessee to rights of incumbrancers paid by him.

Appeal from District Court, Winkler County; Ben Randals, Judge.

Trespass to try title by J. F. Morrissey against J. W. Amburgey and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Geo. F. Seideman and W. H. Lipscomb, both of Fort Worth, for appellant.

J. M. Caldwell and Chas. L. Klapproth, both of Midland, for appellees.

HIGGINS, J. This is an action by Morrissey against Amburgey and others, in trespass to try title, filed July 22, 1926, to recover "an oil and gas lease or determinable fee" in two sections of land.

Upon trial without a jury judgment was rendered for defendants. There is no dispute about the facts. The two sections were public school land awarded to Geo. D. Hogg, August 11, 1904. By mesne conveyance the land passed to Amburgey, who, joined by his wife, on November 15, 1924, leased the same with other lands to J. W. Grant for the purpose of mining and operating for oil and gas, potash, and other minerals.

By assignment, the lease as to the two sections passed to Morrissey. The lease provides:

"If no well be commenced on said land or the sinking of a shaft on or before the 5th day of January, 1926, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the Citizens' National Bank at Odessa, Tex., or its successors, which shall continue as the depository regardless of changes in the ownership of said land, the sum of ten cents per acre, or 960 dollars. Which shall operate as rental and cover the privilege of deferring the commencement of a well or sinking of a shaft, for twelve months from said date. In like manner, and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively. * * * And it is hereby agreed that in the event this lease shall be assigned as to a part or as to parts of the above described lands, and the assignee or assignees of such part or parts shall fail or make default in the payment of the proportionate part of the rentals due from him or them, such default shall not operate to defeat or effect this lease, in so far as it covers a part or parts of said lands upon which the said lessee or any assignee thereof shall make due payment of said rental.

"Lessor hereby warrants and agrees to defend the title to the lands herein described, and agrees that the lessee shall have the right at any time to redeem for lessor, by payment, any mortgages, taxes, or other liens on the above described lands, in the event of default of pay-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused May 4, 1927.

ment by lessor, and be subrogated to the rights of the holder thereof."

Upon the trial plaintiff, to make out his case, offered in evidence the lease to Grant and assignment thereof, and to show common source, oil and gas land leases covering the two sections dated January 14, 1926, and assignments to the codefendants of Amburgey and wife. He then rested.

Thereupon Amburgey testified that no rental had been paid or tendered on the two sections by Morrissey prior to January 5, 1926. Upon cross-examination he admitted a tender was made subsequent to that date and refused. The exact date of the tender was not shown.

Thereupon defendants rested, and in rebuttal by plaintiff it was shown by certificate of the land commissioner that the land was forfeited to the state on December 16, 1925, for nonpayment of interest due upon the purchase price, at the request of J. W. Amburgey, dated November 18, 1925, filed in the general land office November 20, 1925, and upon request of Amburgey filed in said office January 6, 1926, the land was reappraised April 24, 1926, under chapter 94, Act of 1925, at $1 per acre, which was 50 cents less per acre than the price of the former sale, and the land, on June 7, 1926, was reawarded to Amburgey on his applications filed May 5, 1926.

It is first insisted by appellant the burden rested upon defendants to show that plaintiff had neither commenced a well, sunk a shaft, nor paid the rental on the land on or before January 5, 1926, and proof alone of failure to pay the rental on or before that date was insufficient to support the judgment rendered. It is plainly apparent from this record as a whole that the case was tried by both sides upon the assumption that no well had been commenced or shaft sunk within the time required by the lease, and upon this view of the matter we would perhaps be warranted in overruling this contention. However, it is not necessary to do so.

[1, 2] The burden of establishing his title prima facie rested upon the plaintiff. He could not recover upon the weakness of the defendant's title. The lease under which he claims granted a determinable fee. Stephens County v. Mid-Kansas O. & G. Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566. It was not an estate upon condition subsequent which remains vested in the holder until the condition is broken and right of re-entry asserted, but it was an estate which terminated ipso facto on January 5, 1926, unless a well had been commenced, shaft sunk, or rentals paid on or before that date. Caruthers v. Leonard (Tex. Com. App.) 254 S. W. 779; Texas Co. v. Davis, 113 Tex. 321, 254 S. W. 304, 255 S. W. 601. This being the nature of the estate held by the plaintiff and the suit to recover the same having been filed subse-quent to January 5, 1926, we are of the opinion the burden rested upon him to show the continuing existence of the estate by virtue of compliance with some one of the conditions upon which alone the estate could continue in existence beyond its determinable date of January 5, 1926.

[3] An act of the Thirty-Ninth Legislature (chapter 94, p. 267), provided for the reappraisement and resale of public free school lands theretofore or thereafter sold by the state, which sales had been forfeited for nonpayment of interest and gave to the former owner of the land a preference right to repurchase at the reappraised value. It was under this law that the land was reappraised and repurchased by Amburgey. Section 4 of the act preserves unimpaired any lien and valid contractual right against any land so repurchased. Under this section any interest in the land owned by the plaintiff would be unaffected by the forfeiture, reappraisement, and repurchase, provided such interest has not been otherwise defeated or lost. The controlling question in this case arises upon appellant's proposition that the prior voluntary forfeiture of the land to the state by Amburgey suspended during the time the title remained in the state the operation of the condition as to the commencement of a well, sinking of a shaft, or payment of rental on or before January 5, 1926.

In support of this proposition appellant relies upon the rule that one will not be permitted to take advantage of his own wrong, and performance of a contract or condition is excused by impossibility of performance caused by the act of the other party. In our opinion this rule has no application here. There is no suggestion of any fraudulent purpose on the part of Amburgey in permitting the forfeiture of his land. He was simply availing him of a right conferred upon the purchasers of public school land by the act mentioned.

There was no impossibility of performance in a legal sense, for under the terms of the lease to Grant the plaintiff had the right to pay the interest upon the purchase price to the state and thereby prevent the forfeiture. Under the subrogation clause he could have made such payment and recovered the same back from Amburgey. This interest charge was less than ten cents per acre, the annual rental stipulated in the lease. He could have paid same to the state, thereby preventing the forfeiture, and charged the amount paid against the ten cents per acre, and there would have still been a balance due Amburgey on the rental which it was plaintiff's duty to pay on or before January 5, 1926, if he desired to prevent the determination on that date of the estate in the land which he owned.

Under the facts of this case it is inadmissible to say that the obligation to commence a well, sink a shaft, or pay rental was suspend-

ed from December 16, 1925, when the commissioner forfeited the land, until June 7, 1926, when it was reawarded to Amburgey.

For the reason stated, the estate created by the lease to Grant terminated on January 5, 1926, and the plaintiff had no valid contractual right in the land when it was reawarded to Amburgey, protected by section 4 of chapter 94, Acts of the Thirty-Ninth Legislature.

Affirmed.