## YATES et al. v. STATE et al.    (No. 7180.)

Court of Civil Appeals of Texas. Austin.
Feb. 8, 1928.

Rehearing Denied Feb. 29, 1928.

**1. Pleading ☜111—Court held to have jurisdiction to determine validity of plea of privilege which was demurrer to, although controverting, plea as required by statute was not filed (Rev. St. 1925, arts. 2007, 5420).**

Where legal sufficiency of plea of privilege, entered under Rev. St. 1925, art. 2007, was contested by demurrer on ground that, whether suit by state was one coming within article 5420, providing for suit by Attorney General for land held adversely to state, in Travis county, raised issue of law *held* that since issue could be determined solely from allegations of plea and petition, court had jurisdiction to determine question so raised, even though no controverting plea was filed to plea of privilege, as required by article 2007.

**2. Pleading ☜111—Matters to be controverted under oath in plea of privilege are matters of fact and not issues of law raised by facts (Rev. St. 1925, art. 2007).**

Matters or things which Rev. St. 1925, art. 2007, providing for controverting plea of privilege, requires to be controverted, are matters or things of fact alleged, and not issues or questions of law raised by undisputed facts alleged or facts which are shown by plaintiff's pleading to be untrue.

**3. Pleading ☜111—On questions of venue, character of action is determined solely by allegations in petition, and is question of law for court.**

On questions of venue, character of an action is determinable solely by pleading contained in petition, and is question of law to be determined by court, and not question of fact to be determined by testimony, aside from allegations in petition.

**4. Pleading ☜111—Statute held not to require state to deny under oath allegations in plea of privilege which contained matters solely determinable from allegations of petition, as tested by statute (Rev. St. 1925, arts. 2007, 5420).**

In suit in trespass to try title for recovery of mineral estate in land brought by state, where plea of privilege was entered by defendant under Rev. St. 1925, art. 2007, and state did not controvert plea, but demurred thereto, *held* that article 2007 did not contemplate or require state to deny under oath exclusive venue allegation or allegation that suit was not authorized to be filed in Travis county because

those matters were determinable solely from allegations of petition as tested by article 5420, providing for suit by state for public lands in Travis county.

**5. Mines and minerals ☜48—Oil and gas in place are "real property."**

Oil and gas in place are "real property," and subject to ownership as such.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Real Property.]

**6. Mines and minerals ☜55(1)—Landowner may sever his estate in oil and gas from his estate in remainder of realty either by granting it away or reserving it.**

Landowner may sever his estate in oil and gas from his estate in remainder of realty either by granting away his estate in oil and gas or by conveying his estate in surface realty and reserving or excepting his estate in oil and gas.

**7. Mines and minerals ☜55(2)—On severance of estate in oil and gas from remainder of realty, estates so severed are regarded as entirely separate and distinct.**

Where estate in oil and gas is severed from remainder of realty, estates so severed are regarded as entirely separate and distinct, and are taxable as separate estates.

**8. Mines and minerals ☜49—Adverse possession of surface, after severance of oil and gas, will not affect ownership of oil and gas estate.**

Where estate in oil and gas is severed from remainder of realty, adverse possession of surface after severance will not affect ownership of oil and gas estate.

**9. Mines and minerals ☜48—Fee in oil and gas estate in land is of equal dignity with surface estate, since owner has easement in surface to produce oil thereon.**

Fee-simple ownership of oil and gas in land is regarded as of equal dignity with surface estate, since owner of former has such easement rights in surface as are necessary to enable him to explore and produce oil thereon.

**10. Mines and minerals ☜50—Owner of oil and gas estate may maintain trespass to try title to determine dispute as to ownership.**

Owner of oil and gas estate in land may maintain action of trespass to try title to determine dispute as to ownership of oil and gas in place.

**11. Partition ☜12(1)—Owner of undivided oil and gas estate may compel partition thereof.**

Owner of undivided oil and gas estate may compel partition thereof.

**12. Mines and minerals ☜1—State's action of trespass to try title, brought under statute to determine its oil and gas estate in lands, held maintainable under statute (Rev. St. 1925, art. 5420).**

In action of trespass to try title to state's oil and gas estate in land brought under Rev. St. 1925, art. 5420, providing state might bring action for "public" lands held adversely to it *held* that, since authority to sue for whole lands necessarily includes authority to sue for portion

───────────

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of same lands, action was maintainable under statute.

13. **Mines and minerals ☜1—State's oil and gas estate in land constitutes whole interest in real estate under statute relating to suits for recovery (Rev. St. 1925, art. 5420).**

In action in trespass to try title to state's oil and gas estate in lands brought under Rev. St. 1925, art. 5420, providing for suit by state to regain "public lands" held adversely to it, *held*, that state's interest in oil and gas estate in land constituted whole interest in real estate without reference to surface estate.

14. **Mines and minerals ☜1—Trespass to try title to oil and gas estate in land held maintainable under statute, even though it is assumed that such action is only for portion of lands (Rev. St. 1925, arts. 5419, 5420).**

Assuming that state's action in trespass to try title for oil and gas estate is only for portion of land under Rev. St. 1925, art. 5420, then, by reference to article 5419, which authorizes Attorney General to bring action upon direction of Governor to recover any portion of public lands, that action could be maintained.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit by the State and others against I. G. Yates and others. From an interlocutory order overruling defendants' plea of privilege, defendants appeal. Affirmed.

Hill, Neill & Hill, Collins & Jackson and Harris & Harris, all of San Angelo, for appellants.

Claude Pollard, Atty. Gen., and C. W. Trueheart, Asst. Atty. Gen., for appellees.

BLAIR, J. This appeal is from an interlocutory order overruling appellants' pleas of privilege to be sued either in the county of their residence or where the lands in suit are situated, and arose as follows: The state of Texas, through its Attorney General and for the public school fund, instituted in Travis county a suit in trespass to try title for the recovery of the title and possession of the mineral estate reserved to the public school fund in certain sold public school lands situated in Pecos county, as well as for damages to said lands for oil and gas taken therefrom, against appellants I. G. Yates and wife, Anna, alleging their residence to be Pecos county, where the lands were situated, appellants Brown Bros. alleging their residence to be Tom Green County, appellant Peerless Oil & Gas Company alleging it to be a Delaware corporation, with domicile in the state of Pennsylvania, and against numerous other defendants, none of whom resided in Travis county, according to the allegations of the petition, which alleges that all defendants were holding, occupying and claiming the lands adversely to the state and the public school fund. The petition also alleges that appellants, I. G. Yates and wife, Anna Yates,

owned the lands under a purchase and award from the state by virtue of the terms of article 5310, which reserved the whole of the mineral estate in said lands to the public school fund, and that the act of the Thirty-Sixth Legislature, known as the "Relinquishment Act," which attempted to release to owners of the soil of sold public school lands with mineral classification fifteen-sixteenths of the oil and gas, was void as being violative of the provisions of the Constitution specifically pleaded. On March 7, 1927, appearance day, appellants filed pleas of privilege, each containing similar allegations, except as to county of residence, and to the effect that neither they nor any of the defendants named resided in Travis county; that the lands described were situated in Pecos county; that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause"; and that "this suit does not come within any of the exceptions provided by law in such cases authorizing this suit to be brought and maintained in the county of Travis"; and two of the pleas of privilege further alleged that the lands involved "are sold public lands owned by the defendant I. G. Yates under a purchase and award from the state," etc. The state did not file a controverting plea to the pleas of privilege, as provided by article 2007, R. S. 1925, but, on June 11, 1927, filed what was designated "Plaintiff's Demurrer to Defendants' Pleas of Privilege," and in which, among other things, it was stated that the state "does not desire to controvert any questions of fact alleged or raised in the pleas of privilege * * * but demurs to the facts therein alleged as excluding venue in Travis county, * * * and * * * says that whether * * * their suit * * * was one coming within the provisions of article 5420, R. S. 1925, is * * * not a question of fact," but "a pure issue of law * * * not determinable adverse to plaintiff as a matter of course." Appellants moved to strike out this demurrer upon the following grounds which constitute the issues raised on this appeal: (a) That, since the several pleas of privilege were not controverted by a plea under oath, as required by article 2007, R. S. 1925, appellants' right to a change of venue could not be raised by the demurrer; (b) that the demurrer did not constitute a controverting plea under oath to the pleas of privilege within the purview of the statute; (c) that the demurrer came too late, having been filed more than three months after the pleas of privilege were filed; (d) that the demurrer was not a controverting plea under oath to the pleas of privilege, and the allegations of plaintiff's petition could not be used as a pleading thereon or as evidence.

The court overruled the motion to strike out the demurrer, and then heard and over-

ruled the pleas of privilege without hearing evidence thereon, upon the ground that on their face and as a matter of law under the facts stated therein appellants were not entitled to a change of venue.

Appellants cite the following cases as being conclusive of their right to a change of venue, and as being conclusive of the following propositions of law which they assert control the case:

(a) That a plea, of privilege in due form, and duly filed, as provided by article 2007, R. S. 1925, can be contested only by a controverting plea under oath setting up the specific facts claimed to confer venue where suit is pending; (b) that the allegation in a plea of privilege, "No exception to exclusive venue in the county of one's residence provided by law exists in said cause," constitutes a plea in due form; (c) that, upon the filing of such a plea of privilege, the burden is upon plaintiff to controvert same under oath; as required by said statute, and to sustain the controverting plea by evidence, and that the allegation of plaintiff's petition will not suffice as proof of such controverting plea; (d) and that, upon the filing of such a plea of privilege, the court is thereby divested of jurisdiction over defendant, except to transfer the cause in accordance with the plea.

Decisions by Supreme Court and Commission of Appeals: Craig v. Pittman & Harrison, 250 S. W. 667; Schumacher v. Dolive, 112 Tex. 564, 250 S. W. 673; Henry v. Henry, 113 Tex. 124, 251 S. W. 1038; World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Galbraith v. Bishop, 287 S. W. 1087.

Decisions by Courts of Civil Appeals: Witt v. Stith, 265 S. W. 1076; Box v. Deming Inv. Co., 286 S. W. 956; Cobb Grain Co. v. Watson, 290 S. W. 842; Bishop v. Galbraith, 246 S. W. 416; Green v. Brown, 271 S. W. 394; Bennett v. Rose, 226 S. W. 143; Davis v. Southland Cotton Oil Co., 259 S. W. 298; Meadows v. Turner, 270 S. W. 899; Wallace v. Adams, 243 S. W. 572; Smith v. Daniel, 288 S. W. 496; Brooks v. Wichita Mill & Elevator Co., 211 S. W. 288; Uvalde Paving Co. v. Davis, 269 S. W. 450.

The Attorney General takes issue only with propositions (a) and (d) asserted by appellants, and with respect thereto contends as follows: (a) That the only question on this appeal "is whether the filing of appellants' pleas of privilege, no controverting plea being filed at any time thereafter, divested the trial court of jurisdiction to do anything but transfer this cause to some other county, regardless of whether the pleas of privilege upon their face, as a matter of law, entitled appellants to such transfer"; (b) that, where a plea of privilege on its face as a matter of law shows no right of transfer, there is no necessity of controverting the facts stated under oath, but the plea of privilege may be contested by any authorized pleading, such

as a demurrer thereto, and at any time before the plea of privilege is acted upon; (c) that, where the plea of privilege itself alleges facts which fix venue where the suit is filed as a matter of law, there is no necessity of controverting same under oath, it being unnecessary for plaintiff in such a case to make oath as to the law controlling the venue question in order to avail himself of the right to contest the plea of privilege.

In addition to articles 2007, 2008, and 5420, R. S. 1925, the Attorney General cites and relies upon the following cases as supporting the state's contentions: Thomason v. Ham (Tex. Civ. App.) 210 S. W. 561; Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328; Nolen v. Harding (Tex. Civ. App.) 235 S. W. 687; Knox v. Cunningham (Tex. Civ. App.) 226 S. W. 461; American Rio Grande Land & Irrigation Co. v. Karle (Tex. Civ. App.) 237 S. W. 358. Appellants contend that these cases are in conflict with the cases cited by them, supra. We are clear in the view that they are not so, and that they sustain the contentions of the Attorney General; and they certainly support the common sense and practical view of the matters at issue here.

[1, 2] It is true that some early cases by the Courts of Civil Appeals held that, unless plaintiff controverted a plea of privilege under oath and within the time allowed by the statute, the court was without jurisdiction to even determine the sufficiency of the plea of privilege, and must transfer the case; but recent decisions by all the courts overrule those cases, and hold that, unless plaintiff shall controvert the plea of privilege within the time prescribed, and as directed by the statute and under oath, the court is without further jurisdiction over defendant on the venue question, except to hear the plea of privilege, and, if it is found sufficient as required by the statute, to transfer the cause in accordance therewith. So it is clear, under the recent decisions cited by appellants, supra, that the law is now settled that the trial court must hear and determine, not only whether the plea of privilege is in due form and timely filed, but must also determine, where the issue is raised by some authorized pleading, the legal sufficiency of the plea of privilege as tested by the law controlling the venue of the particular kind or character of suit pending; that is, where the legal sufficiency of a plea of privilege is contested by appropriate pleadings, such as a demurrer thereto, and the issue or question raised is one determinable solely from the allegations of the plea itself and from the allegations of plaintiff's petition as to the nature, kind, or character of suit pending, the issue or question so raised is therefore one of law, which the court has jurisdiction to determine, even though no controverting plea as required by the statute be filed to the plea of privilege. In other words, the matters or things which the stat-

ute requires to be controverted under oath in a plea of privilege are the matters or things of fact alleged, and not the issues or questions of law raised by the undisputed facts alleged, or facts which are shown by the plaintiff's pleadings to be untrue.

The case of Thomason v. Ham, supra, is directly in point here. That was a suit to cancel an oil and gas lease on lands alleged to be in Stephens county where the suit was filed, also on lands in Throckmorton county, and defendant's residence was alleged to be in Wichita county. It was there held:

"The plea was duly verified by the defendant in compliance with the statute. That plea was heard by the trial court and overruled, and from that order the defendant has prosecuted this appeal.

"It appears from the record that no controverting plea was filed by the plaintiffs in reply to the plea of privilege, nor was any evidence offered upon the hearing of the plea either to sustain or controvert the allegations therein contained. * * *

"We believe it clear from the allegations contained in the plea of privilege that the statement to the effect that none of the statutory exceptions to exclusive venue in the county of defendant's residence existed was qualified and explained by the further allegation that the suit was not 'a suit concerning land,' or 'to remove incumbrances or quiet title' thereto. In other words, we think it clear from the allegations in the plea of privilege that the defendant did not intend to deny the truth of the allegations in plaintiffs' petition to the effect that he had acquired from the plaintiffs the mineral lease alleged in consideration of the alleged contract on his part, which had been breached, and that such lease, had been placed of record in the deed records of Stephens county, where the land was located. It appears from the allegations of the plea of privilege that, according to the defendant's legal interpretation of the plaintiffs' petition, the suit was not a suit concerning land nor to remove any incumbrances thereon, or to quiet title thereto, and for that reason alone it did not come within the provisions of subdivision 14 of article 1830 of the Revised Statutes. * * * Whether or not the suit as instituted by the plaintiffs was one coming within the provisions of that subdivision of the statute was a legal question, and not a question of fact, and the defendant's allegation that it was not such a suit was a mere conclusion of law, and not an allegation of fact. And as plaintiffs themselves had alleged that defendant resided in Wichita county, and not in Stephens county, where the suit was instituted, no plea of privilege was necessary in order for the defendant to invoke his general statutory privilege to be sued in the county of his residence; for that could have been done by a special exception to the plaintiffs' petition, as is well settled by the decisions of this state. * * * From the fact that the defendant is prosecuting this appeal it is self-evident that he does not deny the allegations in plaintiffs' petition that he acquired the mineral lease therein alleged, and that he is claiming some interest thereunder; otherwise it would be immaterial to him what judgment might be rendered even on the merits of the case, for he would have no interest whatever in the suit to be affected by a judgment in plaintiffs' favor.

"Article 1903 of the Statutes, relating to the denial under oath of existence of any of the exceptions to exclusive venue in the county of one's residence, had in view a denial of facts, and not denials involving mere conclusions of law drawn from an interpretation of plaintiffs' petition. * * * The purpose of the suit being to recover that apparent interest and to quiet the title created by the record of that instrument, fixed the venue of the suit in Stephens county, where the land was situated."

[3] Also material to the questions here involved, it was held in the case of Koch v. Roedenbeck as follows:

"On questions of venue the character of an action is determinable solely by the allegations contained in the petition, and is a question of law to be determined by the court, and not a question of fact to be determined by testimony aside from the allegations in the petition."

Now it clearly appears from the allegations of plaintiff's petition herein that the suit is one in the nature of an action in trespass to try title for recovery to the public school fund of an undivided fifteen-sixteenths of the oil and gas estate in sold public school lands situated in Pecos county; that same was sold to appellants Yates and wife under a purchase and award from the state by virtue of what is now article 5310, R. S. 1925, which reserved the whole of the mineral estate in the said sold public lands to the public school fund, and the allegation that the attempted act of relinquishment of fifteen-sixteenths of the oil and gas to owners of sold public school lands was unconstitutional does not in any manner change the nature or character of the cause of action pending. There is no allegation in any of the pleas of privilege filed which raises any issue but that the pleadings of plaintiff alleged only a cause of action in the nature of trespass to try title for the recovery to the public school fund the reserved fifteen-sixteenths undivided mineral estate in the lands described and for damages thereto. From the fact that appellants are prosecuting this appeal, it is evident that they did not desire to controvert the allegation that they had purchased the sold public school lands described.

[4] There is no controversy as to the residence of any defendant in the suit, and all pleadings allege that none of them reside in Travis county. It is true that appellants each alleged that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause," and that "this suit does not come within any of the exceptions provided by law in such cases authorizing this suit to be brought and maintained in the county of Travis"; but, while these are allegations of fact, they are determinable and provable "solely by the allegations contained in the petition, and is a question of law to be determined by the court and not a question

of fact to be determined by testimony aside from the allegations in the petition." It is therefore clear that the statute did not contemplate or require of the state to deny under oath the exclusive venue allegation or the allegation that the suit was not one authorized to be filed and maintained in Travis county, because those are matters determinable solely from the allegations of the petition as tested by article 5420, R. S. 1925, which reads:

"When any public lands are held, occupied or claimed by any person, association or corporation adversely to the state, or to any fund, or when lands are forfeited to the state for any cause, the Attorney General shall institute suit therefor, together for rent thereon, and for any damages thereto. For the purposes of this and the preceding article, venue is fixed in Travis county, concurrently with the county of defendant's residence and the county where the land lies."

[5-11] The law is now well settled that oil and gas in place are real property and subject to ownership as such. Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989. It is settled that a landowner may sever his estate in the oil and gas from his estate in the remainder of the realty either by granting away his estate in oil and gas or by conveying his estate in the surface realty, and reserving or excepting his estate in oil and gas. Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S. W. 296, 29 A. L. R. 607. The estates so severed are regarded as entirely separate and distinct. They are taxable as separate real estate. Hager v. Stakes (Tex. Sup.) 294 S. W. 835. Adverse possession of the surface after severance will not affect the ownership of the oil and gas estate. Elliott v. Nelson, 113 Tex. 62, 251 S. W. 501. In fact, fee-simple ownership of the oil and gas estate in land is now regarded as of equal dignity with the surface estate, since the owner of the former has such easement rights in the surface as are necessary to enable him to explore for and produce oil thereon. Gregg v. Caldwell-Guadalupe Pick-up Stations (Tex. Com. App.) 286 S. W. 1083. The owner of the oil and gas estate may maintain an action of trespass to try title to determine a dispute as to the ownership of the oil and gas in place. Morrissey v. Amburgey (Tex. Civ. App.) 292 S. W. 255 (writ of error refused). The owner of an undivided oil and gas estate may compel partition thereof. Henderson v. Chesley (Tex. Civ. App.) 273 S. W. 299 (writ of error refused), 116 Tex. 355, 292 S. W. 156. 6 Texas Law Review, No. 2, p. 129, and cases there cited.

[12-14] But appellants insist in this connection that the Legislature materially changed article 5420, supra, when it adopted the 1925 codification of the statutes, so as to exclude venue in Travis county of any suit for less than the whole interest in "public lands." The contention is without merit. It is based upon the fact that the codifiers rewrote the article so as to authorize the state to sue in Travis county "when any public lands are held," etc., adversely to it or any fund named, thus leaving out the clause, "or any lands in which this state, or any such funds, have an interest," etc., as contained in the former statute (Rev. St. 1911, art. 5468). The last clause is mere surplusage, since authority to sue for the whole of lands necessarily includes authority to sue for a portion of the same lands. The contention is also without merit because, under the above-cited cases, the oil and gas estate in lands constitutes a whole interest in real estate or lands, without reference to the surface estate except for description and location, and concerning which said real estate or lands the owner may contract, dispose of, and bring any suit concerning it as if it were entirely separate and distinct from the surface estate. But, if appellants are correct, which we do not concede, that the suit is only for a portion of lands, then the intention of the Legislature is made clear in this matter, because article 5420, by a reference to article 5419, authorizes the Attorney General to bring the same character of action upon direction of the Governor to recover "any portion of the public lands or the lands belonging to any of the several funds named," etc., in Travis county. Certainly if the Attorney General is authorized to bring the same character of suit upon direction of the Governor to do so for a portion of the public lands, no reason exists why he could not bring such a suit upon his own initiative; and the Legislature by the amendment simply struck out the surplus language in the statute referred to.

We find no error in the judgment of the trial court, and it is affirmed.

Affirmed.