## TERRELL v. KOHLER.

No. 9725.

Court of Civil Appeals of Texas. Galveston. Jan. 19, 1932.

Rehearing Denied Feb. 11, 1932.

Dissenting Opinion on Rehearing Feb. 24, 1932.

C. A. Teagle, of Houston, for appellant.

Kenneth Krahl and Sylvain K. Lloyd, both of Houston, for appellee.

LANE, J.

This suit was instituted by Frances Kohler, a feme sole, a resident of Houston, Harris county, Tex., against E. B. Terrell, a resident of Bexar county, Tex., and against H. J. Schaumburg and C. J. Martinson, residents of Harris county, Tex. The plaintiff alleged that on the 1st day of January, 1930, and at all times subsequent thereto, the defendants have been engaged in the business of lending money at usurious rates of interest in *Harris county, Tex.*, commonly known, as "loan shark" business, under the firm name of Ervay & Co. She alleged substantially that on or about the 15th day of January, 1930, and on each of four several dates thereafter in said year, defendants loaned her $50; that for the first two loans she executed two notes each for $63.00 in amount, payable in ninety days from their respective dates; that $50 was the principal and $13 was for interest on principal; that she paid said notes in full as they became due; that for the other two loans she executed her two notes for $63 each, payable in sixty days, and that she paid said notes in full, including $13 as interest on each of said notes; that thereafter on or about the 20th day of December, 1930, defendants made a fifth loan of $50 to plaintiff for which she executed and delivered to defendants two demand notes, one for $50 for the sum loaned and the other for $13 as interest on said loan; that as she had been unlawfully required to pay and did pay usurious interest in the sum of $52, on the first four loans which she was entitled to recover, and which was sufficient in amount to pay off the fifth loan, she was not indebted to defendants in any sum whatever; that she is entitled to recover from defendants penalties on account of their demanding and collecting from her usurious interest and that she is entitled to have canceled and held for naught the fifth note executed by her.

"That by reason of the fact that the defendants charged the plaintiff illegal, unconscionable and usurious interest of Fifty-two ($52.-00) Dollars on the first four loans made to her by defendants, which she paid * * * she was entitled to recover of and from the defendants twice said sum of usury so charged and paid, or to-wit: the sum of One

Hundred Four ($104.00) Dollars, since which time she has received from the said defendants the sum of Fifty ($50.00) Dollars, as evidénced by the fifth note, leaving a net balance due her by the defendants in the sum of Fifty-four ($54.00) Dollars as penalties for such usury."

"That notwithstanding the plaintiff is not indebted to the defendants or either of them in any sum or amount, the defendants have *conspired together and are conspiring together* to force this plaintiff to pay additional money to the defendants which she does not owe, and have been claiming and are now claiming that she is indebted to them in the sum of Sixty-three ($63.00) Dollars, and have been and are now dunning her repeatedly for the payment of said sum of money so claimed by the said defendants to be owing by this plaintiff, and are telephoning her every day, and causing her to be telephoned every day at her place of business where she is employed, insisting that she come in to see the defendants and pay them money claimed to be owing to them, and are now attempting to cause her to lose her position where she is employed by Louis Kaminsky & Company if she does not pay them the money demanded of her which she does not owe them, and they are now maliciously, fraudulently, persistently and unremittingly attempting to dun her and harass and persecute her into paying the money so illegally demanded of her by them, and have been so dunning and harassing and persecuting her for the past several weeks until she has become very nervous and intimidated and fearful of the loss of her position, and because of the embarrassment and humiliation caused by the persistent dunning and harassing which the defendants have caused her and the persecution which they have so maliciously and fraudulently caused her, she has become sick in body and mind, and very nervous over the same; that the actions of the said defendants have become known to her fellow employees and her employers where she is employed, and they have caused her great shame and humiliation as the defendants intended should be done; that the plaintiff has always borne and been entitled to, a reputation for honesty and integrity and fair dealing and for paying her honest obligations and for the highest type of moral character, and that she has at all times been entitled to and deserved such reputation; *that the defendants* have conspired together to pursue and are pursuing a studied course of threats, humiliation, duress, intimidations and embarrassment against this plaintiff to force her to pay the alleged obligation which she does not owe and to cause her to lose her position where she is now employed, and to ruin her reputation as an honest fair dealing woman of high moral character and to ruin her credit with the credit reporting agencies in the City of Hous-

ton, and all the merchants therein as well as the general public, all because she has refused to pay such extortionate and unconscionable demands made upon her by the *defendants* and they have threatened to continue and are continuing a studied and deliberate course of persecution, threats, and intimidations and will continue so to do unless restrained and enjoined by this Honorable Court; and plaintiff shows that she will suffer irreparable injury unless an injunction issue herein and that she is without an adequate remedy at law; *that the défendants have jointly conspired to do the things herein above alleged, and that all of such actions on the part of either of said defendants were and are part of the conspiracy against her and are joint actions of both of them,* and that the said defendants are causing employees of said defendants to do and perform the various acts complained of." (Italics ours.)

Plaintiff prayed for a recovery for: First, the $54 to which she was entitled by reason of the usurious interest demanded and collected from her by defendants; second, a decree canceling the fifth note held by defendants against her; and, third, for a recovery of $5,000 as actual damage and $5,000 as exemplary damage by reason of the threats, intimidation, duress, humiliation, shame, and embarrassment caused her by defendants, as alleged in her petition.

Plaintiff's petition was sworn to in the following words: "I, Frances Kohler, plaintiff in the above cause, upon oath state that the matters of fact contained in the foregoing petition are true and correct."

In due time defendant Terrell filed his plea of privilege, the pertinent parts of which are as follows:

"That at no time has any partnership existed between this Defendant and * * * the other Defendants * * *

"That at the time of the filing of this suit and that at the time of the service of the writ upon him herein, this Defendant was not a resident citizen of Harris County, Texas, and is not now a resident of said County, but was at all times and is now a resident of precinct Number One, Bexar County, Texas, and that no exception to exclusive venue in the County of One's residence provided by law exists in this cause."

Plaintiff in due time filed her demurrer to defendant's plea of privilege, saying that such plea is wholly insufficient in law; that it shows no good grounds for the transfer of said cause to Bexar county, Tex. She then proceeded, by saying that should her demurrer be overruled, then she says that such plea of privilege should not be granted or sustained for the following reasons:

"1. Because plaintiff's cause of action is founded in part for actual and exemplary damages caused and occasioned by torts and

unlawful conduct and actions on the part of defendants, and each of them, and as a result of an illegal conspiracy between the defendants and each of them, to illegally and maliciously worry, harass, injure and damage this plaintiff, all as is fully alleged in her said petition, which is here referred to for more complete details, all of said torts and wrongs having been committed in Harris County, Texas; that said acts complained of amount to and are a 'trespass' as is contemplated by subdivision 9 of article 1995, Revised Statutes of this State; and that the other co-defendants in said suit, and the other joint tort feasors than defendant Terrell reside in Harris County, Texas, and that plaintiff also resides in Harris County, Texas.

"2. Because plaintiff's cause of action is against the defendants, and each of them, jointly and severally as partners and as co-partners and co-conspirators, all of which defendants, with the exception of defendant Terrell, reside in Harris County, Texas, where plaintiff also resides, and that this action is properly brought in Harris County, Texas.

"3. Because plaintiff's cause of action is founded in part, for the cancellation and setting aside, for the failure of consideration thereof, of certain instruments in writing, which this plaintiff alleges were performable in Harris County, Texas, said instruments of writing, to-wit: promissory notes, being a portion and part of a series of transactions between plaintiff and defendants, and all of the performed portions of said contract, and all moneys borrowed and repaid were borrowed and repaid in Harris County, Texas, where defendant Terrell and the other defendants maintain an office and place of business.

"4. Because plaintiff's cause of action is founded in part for the cancellation of certain promissory notes executed by her and payable to and delivered to defendants, which notes were payable in Harris County, Texas, and which were located and held in Harris County, Texas, at all times set out in plaintiff's petition, and are still located in Harris County, Texas.

"5. Because plaintiff's cause of action is in part for the restraining of the commission of wrongful and illegal acts, which were being done and threatened to be continued to be done by defendants, and each of them, acting jointly as parties to an illegal and unlawful conspiracy, in Harris County, Texas, which injunction or restraining order is returnable to the District Court of Harris County, Texas. Plaintiff would further show the court that the cause of action set out in her petition comes within the provisions of subdivision 9, of article 1995, of the Revised Statutes of 1925, in this, that the plaintiff in her said petition charges the defendants and each of them, jointly and severally, of committing in Harris County, Texas, crimes, offenses and active trespasses, and likewise charges them with threatening to continue to commit against her such crimes, offenses and active trespasses in Harris County, Texas.

"6. Because all of the wrongs and torts complained of in her petition, and the execution and payment of all said notes and usurious interest and instruments of writing and all of the transactions alleged in her petition, constitute one indivisible series of transactions upon which the plaintiff sues.

"7. Because plaintiff's cause of action is in part for the recovery of double the amount of certain usurious and illegal interest collected by defendants from this plaintiff, less than two years before the institution of said suit, and that said usurious contract was entered into, and said usurious interest paid and received, in Harris County, Texas, and that plaintiff resides in Harris County, Texas, and has the right to maintain this suit in Harris County, Texas, under authority of article 5073, Revised Statutes of this State.

"8. This plaintiff especially denies all the matters of fact set forth in said Plea of privilege and demands strict proof thereof, and says the same are not true in whole or in part.

"9. She also pleads herein, as fully as if copied in full herein, in support of this controverting affidavit and answer, her original petition heretofore filed herein, and same is hereby referred to and made a part hereof for any and all purposes in support of each and every allegation herein contained.

"Wherefore, she prays that said Plea of Privilege be refused and denied, and that she recover all costs of court incident thereto, etc.

"Kenneth Krahl, Attorney for plaintiff.
"Frances Kohler, plaintiff.

"Subscribed and sworn to before me by plaintiff Frances Kohler this 23rd day of April, A. D. 1931. Kenneth Krahl, Notary Public in and for Harris County, Texas. [Seal.]"

Upon a hearing of the plea and contest, the contestant introduced in evidence plaintiff's sworn petition. Defendant Terrell introduced in evidence his plea of privilege and also the demurrer and the controverting affidavit of the plaintiff. It was agreed by the parties that plaintiff's original controverting affidavit was filed on March 21, 1931, and within 20 days after appearance day.

Upon such hearing the court overruled defendant's plea of privilege. Defendant Terrell excepted to such ruling of the court and has appealed to this court therefrom. Appellant, for reversal of the judgment, in effect contends that he had filed a proper plea of privilege to be sued in Bexar county, the place of his residence, therefore the court erred in overruling his said plea, since there was no evidence offered in support of the controverting affidavit filed by appellee.

534

We overrule appellant's contention. We think appellant's plea of privilege was subject to the demurrer addressed to it, and therefore the court did not err in overruling it. Barnum v. Lancaster Hardware Co. (Tex. Civ. App.) 40 S.W.(2d) 1103, 1104; Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 115; Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S. W. (2d) 144; Thomason v. Ham (Tex. Civ. App.) 210 S. W. 561.

The plaintiff by the allegations of her petition sought recovery against the three defendants, as coconspirators and joint wrongdoers, as well as against them as partners. The plaintiff is a resident of Harris county and was in the employ of a firm in such county at the time the alleged wrongs were committed against her, if so committed.

The contention of appellant that plaintiff did not charge that defendant Terrell conspired with the other defendants, but only that the alleged partnership did the wrongful alleged acts and that Terrell was a copartner cannot be sustained. It is alleged that all of the acts complained of were parts of the alleged conspiracy against the plaintiff; that the *defendants have jointly conspired to force plaintiff to pay money*, etc. In the case of Barnum v. Lancaster Hardware Co., supra, decided by the Dallas Court, the court stated that the suit instituted by appellee in that case against appellant as shown by the allegations in *appellee's petition* was clearly within subdivision 6 of article 1995, relative to exceptions of the general venue statute. It then proceeded to say: "Unless these allegations in appellee's petition fixing venue in Dallas county are controverted by the allegations in appellant's plea of privilege, such plea of privilege is insufficient on its face, and is therefore subject to the demurrer presented by appellee and sustained by the court. Yates et al. v. State et al. (Tex. Civ. App.) 3 S.W.(2d) 114, and cases therein cited; Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W.(2d) 144, and cases therein cited." Again it is said: "If the allegations of fact in the plea of privilege are insufficient on their face to make a prima facie case for removal under the allegations of plaintiff's petition, and such insufficiency is brought to the attention of the court by a proper exception to the plea of privilege, it becomes the duty of the court to determine plaintiffs' exception under the allegations of his petition. Yates et al. v. State et al.; Humble Pipe Line Co. v. Kincaid, supra. It follows that if plaintiff's petition contains allegations which bring a suit clearly within one of the exceptions named in article 1995, supra, and these allegations are only controverted by allegations of the plea of privilege, which state merely a conclusion of law, that 'no exception to exclusive venue in the county of one's residence provided by law exists,' * * *

and the specific allegations of the petition, fixing venue in the county where the suit is filed, under one of the specific exceptions, are not otherwise controverted, the plea of privilege is subject to demurrer. See authorities above cited."

In Yates v. State (Tex. Civ. App.) 3 S. W. (2d) 114, at page 116, decided by the Austin Court, it is said: "So it is clear, under the recent decisions * * * that the law is now settled that the trial court must hear and determine, not only whether the plea of privilege is in due form * * * but must also determine, where the issue is raised by some authorized pleading, the legal sufficiency of the plea of privilege as tested by the law controling the venue of the particular kind or character of the suit pending; that is where the legal sufficiency of a plea of privilege is contested by * * * pleadings, such as a demurrer thereto, and the issue or question raised is one determinable solely from the allegations of the plea itself and from the *allegations of plaintiff's petition* as to the nature, kind, or character of suit pending, the issue or question so raised is therefore one of law, which the court has jurisdiction to determine." Appellant in his plea of privilege alleged "that at the time of the filing of this suit and that at the time of service of the writ upon him herein, this Defendant was not a resident citizen of Harris County, Texas, and is not now a resident of said County, but was at all times and is now a resident of precinct Number One, Bexar County, Texas, and that no exception to exclusive venue in the County of One's residence provided by law exists in this cause"; that at no time has any partnership existed between this defendant and C. J. Martinson and H. J. Schaumburg, or either of them.

We think it clear from the allegations in the plea of privilege that none of the statutory exceptions *to exclusive venue in the county of defendant's residence existed* was qualified and explained by the denial therein, that at no time has any partnership existed between this defendant and the other defendants named in the plaintiff's petition. In other words, we think it clear from the allegations in the plea of privilege that the defendant did not intend to deny the truth of the allegations in plaintiff's petition to the effect that he had conspired jointly with said other defendants to wrongfully extort money from the plaintiff as alleged in the plaintiff's petition. It appears from the allegations of the plea of privilege that according to the defendant's legal interpretation of the plaintiff's petition, the suit was one only against the defendants as partners, that is, that it was not alleged that he personally conspired with the other defendants and for that reason it was not necessary for him to

deny that he did conspire with the other defendants to wrongfully extort money from plaintiff.

In Thomason v. Ham (Tex. Civ. App.) 210 S. W. 561, 563, a case decided by the Fort Worth Court, it is said: "Whether or not the suit as instituted by the plaintiffs was one coming within the provisions of that subdivision of the statute was a legal question, and not a question of fact, and the defendant's allegation that it was not such a suit was a mere conclusion of law, and not an allegation of fact. And as plaintiffs themselves had alleged that defendant resided in Wichita county, and not in Stephens county, where the suit was instituted, no plea of privilege was necessary in order for the defendant to invoke his general statutory privilege to be sued in the county of his residence; for that could have been done by a special exception to the plaintiffs' petition, as is well settled by the decisions of this state. Assuming, as we do, that defendant, in verifying his plea, testified conscientiously, we must conclude that he did not intend to swear that the nature of the cause of action was different from what plaintiffs' petition showed it to be, but that he merely intended to swear to the nature of the cause of action asserted therein according to his legal construction of the instrument."

Again it is said: "Article 1903 of the Statutes, relating to the denial under oath of existence of any one of the exceptions to exclusive venue in the county of one's residence, had in view a denial of facts, and not denials involving mere conclusions of law drawn from an interpretation of plaintiffs' petition."

The Austin Court, in the case of Yates v. State, supra, quotes with approval from Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328, the following: "On questions of venue the character of an action is determinable solely by the allegations contained in the petition, and is a question of law to be determined by the court, and not a question of fact to be determined by testimony aside from the allegations in the petition."

For the reasons stated we think the court properly overruled the plea of privilege and that the judgment should be affirmed, and it is so ordered.

Affirmed.

PLEASANTS, C. J. (dissenting on rehearing).

When the motion for rehearing in this case was overruled, I entered my dissent from the ruling of the majority of the court, refusing to grant the motion, and in compliance with our statute will herein as briefly as I can present the grounds of my dissent. I agree with my associates that when the petition in a suit against several defendants alleges a joint and several cause of action against each of them, the venue of which is fixed by the statute in the county in which the cause of action arises, a plea of privilege by a nonresident defendant which does not expressly negative the existence of the cause of action alleged against him is subject to a general demurrer, and therefore the plaintiff is not required to offer evidence in support of his controverting affidavit.

I do not believe that the petition in this case can be sustained as alleging a cause of action against the appellant independent of the allegations of his partnership in the business of his codefendants as alleged and described in the petition, and in the transaction between plaintiff and the alleged partnership out of which plaintiff's cause of action arose, and that when appellant expressly denied the existence of the partnership he expressly denied the allegations of the petition which would entitle plaintiff to maintain this suit against appellant out of the county of his residence.

In paragraph 1 of the petition it is alleged that the defendants, E. B. Terrell, a resident of Bexar county, E. J. Schaumburg and C. J. Martinson, residents of Harris county, have since January 1, 1930, been doing business in Harris county as partners under the firm name and style of Ervay & Company.

In paragraph 2 it is alleged that plaintiff borrowed several sums of money from the firm of Ervay & Co. and executed her notes therefor, several of which notes were given for usurious interest. The usurious interest so alleged to have been charged plaintiff and paid by her was in the sum of $52, by reason of which it is alleged the defendants became liable to her in the sum of $104 as penalty provided by our statutes. She asks for cancellation of the remaining unpaid principal and interest notes and for recovery of the statutory penalty, less the sum of $50 repaid her by plaintiff. After asking for this recovery, the plaintiff in paragraph 4 of her petition alleges: "That notwithstanding the plaintiff is not indebted to the defendants or either of them in any sum or amount, the defendants have *conspired together and are conspiring together* to force this plaintiff to pay additional money to the defendants which she does not owe, and have been claiming and are now claiming that she is indebted to them in the sum of Sixty-three ($63.00) Dollars, and have been and are now dunning her repeatedly for the payment of said sum of money so claimed by the said defendants to be owing by this plaintiff, and are telephoning her every day, and causing her to be telephoned every day at her place of business where she is employed, insisting that she come in to see the defendants and pay them money claimed to be owing to them, and are now attempting to cause her to lose her position where she is employed by Louis

Kaminsky & Company if she does not pay them the money demanded of her which she does not owe them, and they are now maliciously, fraudulently, persistently and unremittingly attempting to dun her and harass and persecute her into paying the money so illegally demanded of her by them, and have been so dunning and harassing and persecuting her for the past several weeks until she has become very nervous and intimidated and fearful of the loss of her position, and because of the embarrassment and humiliation caused by the persistent dunning and harassing which the defendants have caused this plaintiff and the persecution which they have so maliciously and fraudulently caused her, she has become sick in body and mind, and very nervous over the same."

In the succeeding portion of this paragraph of the petition the defendants are several times alleged to have "conspired together" to harass, humiliate, and threaten plaintiff in order to extort from her unconscionable demands made upon her, for which she prays damages against them in the sum of $5,000. I think it clear that no cause of action is alleged against appellant except such as would arise out of his alleged partnership in the firm of Ervay & Co., and therefore his express denial of such partnership in his plea of privilege was sufficient to require the plaintiff to introduce sufficient evidence to raise the issue of partnership, to retain venue against him in Harris county. It seems to me that to construe the plaintiff's petition in this case as alleging a conspiracy by the defendants in Harris county to harass and injure plaintiff, independent of their joint and several liability as partners in a partnership transaction, does violence to every rule of construction of written instruments. Webb County v. Board of School Trustees, 95 Tex. 131, 65 S. W. 878.

To so construe the petition would in effect enable a plaintiff, by general allegations of conspiracy against the alleged members of a partnership growing out of a partnership transaction, to prove in support of such allegation that an alleged nonresident member of the partnership, who was not a partner and had no interest in the subject-matter of the suit, did in fact conspire with the members of the partnership to injure the plaintiff as alleged in this petition. The petition in this case conveyed no information to the appellant that plaintiff intended such charge against him, and evidence would not be admissible under such petition to prove a conspiracy without proof of the alleged partnership.

In these circumstances appellant cannot be deprived of his valuable right to be sued in the county of his residence because of his failure to deny allegations of conspiracy to injure plaintiff which appellant could not have reasonably understood to be charged against him independent of his alleged partnership in the defendant firm.

I think the motion for rehearing should be granted and plaintiff's suit against the appellant transferred to Bexar county.