## McCOOK et al. v. AMARADA PETROLEUM CORPORATION et al.

### No. 4487.

Court of Civil Appeals of Texas.
Texarkana.

May 29, 1934.

Rehearing Denied June 7, 1934.

Nat Gentry, Jr., of Tyler, and D. B. Chapin, of Longview, for appellants.

Phillips, Trammell, Chizum, Estes & Edwards and James & Connor, all of Fort Worth, Cecil N. Cook, W. Edward Lee, Saye, Smeed & Saye, and George Prendergast, all of Longview, and A. D. Moore, Beeman Strong, and Carl McLynn, all of Beaumont, for appellees.

SELLERS, Justice.

The appellants filed this suit in the district court of Wood county against the appellees, and alleged that all the defendants resided in counties other than Wood county, and further alleged:

"That plaintiffs are all the living descendants of one Harmon B. Howard, deceased, by and through his first and third marriages, respectively, as hereinafter shown, and are now and were at the times hereinafter shown, the owners, as tenants in common, of the fee simple title, of an undivided $\frac{2}{12}$ interest of, in and to that certain tract or parcel of land situated in Gregg County, Texas, and being a segregated part of that certain larger tract of land patented to William H. Castleberry, and bounded and described as follows, to-wit: (Here follows description of 270 acres of land.)

"That the defendants, in solido, own or claim to own the remaining undivided $\frac{10}{12}$ interest of, in and to said tract of land, as is hereinafter more fully shown.

"And in this connection plaintiffs show that said Harmon B. Howard was married three times: that his first wife was Lucy Howard who died about the year 1843; that his second wife was Georgia Ann Howard who died intestate about the year 1861; that his third wife was Mary Y. Howard who died about the year 1869; that said H. B. Howard by his first wife had three children, viz: Alpheus Howard, Calvin Howard and Martha Howard; that said Alpheus Howard and Calvin Howard each died before their father, and without having been married; that said H. B. Howard by his second marriage had four children, viz: Z. T. Howard, Job N. Howard, George E. Howard and Dora Howard; that said H. B. Howard by his third marriage had one child, viz: Sarah Julia Howard; that the land above described was acquired by said Harmon B. Howard during his second marriage and was the community property of said Harmon B. Howard and his said wife, Georgia Ann Howard; that said Georgia Ann Howard died intestate during the year 1861; seized and possessed of her community interest in said above described land, and left as her sole heirs at law, her said four children, viz: Z. T. Howard, Job N. Howard, George E. Howard and Dora Howard, who each inherited an undivided $\frac{1}{8}$ interest in said above described land; that there was no administration on the estate of said Georgia Ann Howard and no necessity for any; that said Harmon B. Howard died intestate about the year 1879, seized and possessed of his undivided $\frac{1}{2}$ interest in said land, and left as his heirs at law, his aforesaid six children, viz: Martha Howard, Z. T. Howard, Job N. Howard, George E. Howard, Dora Howard, and Sarah Julia Howard; that there was no administration on estate of said Harmon B. Howard and no necessity for any; that upon the death of said Harmon B. Howard each of said children, above named, inherited an undivided $\frac{1}{12}$ interest therein."

Plaintiffs then alleged that they are descendants, or descendants of descendants, of the issue of said first and third marriages.

Then plaintiffs alleged:

"That on the 31st day of October, A. D. 1902, said above described land was owned by the following named persons then living, as tenants in common and in the following proportions, that is to say: Sarah Julia Howard

Younger, wife of said John L. Younger, Sr., owned an undivided $\frac{1}{12}$ thereof; said Joe McCook owned an undivided $\frac{1}{96}$ thereof; said D. H. McCook owned an undivided $\frac{1}{96}$ thereof; said Neva McCook Francis and her two children, said Fern McCook and John D. McCook owned an undivided $\frac{1}{96}$ thereof; said B. F. Rust and his two children James Caswell Rust and John Markin Rust, owned an undivided $\frac{1}{96}$ thereof; said Lucy McCook McChristian, wife of J. F. McChristian owned an undivided $\frac{1}{96}$ thereof; said Thomas A. Curry, Connie Curry, Olive Curry and A. O. Curry owned an undivided $\frac{1}{96}$ thereof; said Sarah Burleson, William Burleson, Nellie Burleson, A. J. Davis, Sr., A. J. Davis, Jr., Taylor F. Davis and Tom J. Davis owned an undivided $\frac{1}{96}$ thereof; that Z. T. Howard owned an undivided $\frac{20}{96}$ thereof; that said Job N. Howard owned an undivided $\frac{20}{96}$ thereof; that said George E. Howard owned an undivided $\frac{20}{96}$ thereof; and that said Dora Howard owned an undivided $\frac{20}{96}$ thereof; which said interests were acquired by the above-named persons by inheritance, as aforesaid.

"That neither Sarah Julia Howard Younger, Joe McCook, D. H. McCook, J. E. McCook, John Calvin McCook, Neva McCook Francis, Fern McCook, John D. McCook, Josie McCook Rust, B. F. Rust, James Caswell Rust, John Markins Rust, Lucy McCook McChristian, Mattie McCook Curry, Thomas A. Curry, Connie Curry, Olive Curry, A. O. Curry, Helen McCook Burleson, A. J. Davis, Sr., Sarah Burleson, William Burleson, Nellie Burleson, A. J. Davis, Jr., Taylor F. Davis, and Tom J. Davis knew that they had an interest in the above described land, or that said Harmon B. Howard died seized and possessed of said land or any land, but that said Z. T. Howard, Job N. Howard, George E. Howard, and Dora Howard well knew all the facts aforesaid, and that said Harmon B. Howard died seized and possessed of an undivided $\frac{1}{2}$ interest in said land, and controlled the title papers to said land, and the family history of said Harmon B. Howard, and concealed all such facts from the said parties last aforesaid, and their ancestors, with the intent and purpose hereinafter shown.

"Plaintiffs further aver that shortly prior to the 31st day of October, A. D. 1902, said Z. T. Howard, Job N. Howard, George E. Howard and Dora Howard Fenton and her husband Russell Fenton, conceived a scheme to cheat and defraud said children and descendants of children of said Harmon B. Howard's first and third marriages, as aforesaid, out of their $\frac{2}{12}$ interest in said above described land under color of law, and then and there, well knowing all the facts aforesaid, entered into a combine, confederacy and conspiracy to institute and prosecute in this honorable court a suit for partition of said above described land, and to allege therein that they, the said Z. T. Howard, Job N. Howard, George E. Howard and Dora Howard Fenton, were the only children and heirs at law of said Harmon B. Howard, deceased, and to not make any of the other children or descendants of children of said Harmon B. Howard, deceased, parties thereto, and by false testimony procure this honorable court to decree that they, the said Z. T. Howard, Job N. Howard, George E. Howard and Dora Howard Fenton, where the sole and only children of said Harmon B. Howard and his sole heirs at law, and the sole owners of said property, and that they each owned an undivided $\frac{1}{4}$ interest therein; and to appoint commissioners to divide said land between them, said Z. T. Howard, Job N. Howard, George E. Howard and Dora Howard Fenton, and that after the commissioners had partitioned said land to procure this court to enter its decree approving said partition, and thereby perpetrate a fraud, not only on the children and descendants of children of said Harmon B. Howard, deceased, by his said first and third marriages, respectively, but upon this honorable court as well; that in furtherance of said plan, confederacy and conspiracy, as aforesaid, said Z. T. Howard, on the 31st day of October, A. D. 1902, filed in this Honorable Court of Wood County, Texas, a petition for the partition of said above described tract of land which petition was entitled Z. T. Howard vs. Dora Fenton et al., and numbered 1530 on the docket of this court, wherein said Z. T. Howard alleged that he and said Job N. Howard and George E. Howard resided in Wood County, Texas, and that he and the said Job N. Howard, George E. Howard, and Dora Howard Fenton were the only children and sole heirs at law of said Harmon B. Howard, deceased, and his wife, Georgia Ann Howard, deceased; that said land was the community property of said Harmon B. Howard and his wife, Georgia Ann Howard, deceased, that said Georgia Ann Howard died intestate, and left as her heirs her four children, said Z. T. Howard, Job N. Howard, George E. Howard, and Dora Howard Fenton; that said Harmon B. Howard died intestate and left as his sole heirs at law his said four children, viz; Z. T. Howard, Job N. Howard, George E. Howard and Dora Howard Fenton, and prayed that this court issue process to said

Job N. Howard, George E. Howard and Dora Howard Fenton, defendants, to answer and to decree that they were the sole heirs at law of said Harmon B. Howard, deceased, and to appoint commissioners to divide said land above described between them; that none of the plaintiffs nor their ancestors were made parties to the said suit; that said petition is on file in this honorable court, and a copy thereof is filed herewith and said petition and copy thereof are here referred to and made part hereof.

"Plaintiffs aver that said allegation in said petition for partition aforesaid that said Z. T. Howard, Job N. Howard, George E. Howard and Dora Howard Fenton were the only children and sole heirs at law of said Harmon B. Howard was false and fraudulent and was by them known to be false and fraudulent, and was so made therein in furtherance of said conspiracy aforesaid, and to give this honorable court jurisdiction of said cause and empower it to render a decree of partition therein, which, as hereinafter shown, it did.

"Plaintiffs further aver that afterwards, on, to-wit, the 21st day of November, A. D. 1902, this Honorable Court, acting upon the false and fraudulent allegations in said petition, for partition, wherein it was alleged that said Z. T. Howard, Job N. Howard, George E. Howard and Dora Howard Fenton were the only children and sole heirs at law of said Harmon B. Howard, deceased, and upon evidence in said cause given by said Z. T. Howard proving and establishing such allegations, rendered and entered its solemn decree that said Z. T. Howard, Job N. Howard, George E. Howard and Dora Howard Fenton were the only children of said Harmon B. Howard, and his heirs at law, and that each owned a ¼ interest in said land and decreed that said land be partitioned between them and appointed commissioners to make said partition, which order and decree is duly entered in the minutes of this court, and same is referred to and made a part hereof.

"Plaintiffs further show that afterwards, this Honorable Court entered its decree vesting title in said Z. T. Howard to the said tract allotted by said commissioners of partition to him, and vested the title to the balance of said land in said Dora Fenton, and approved said decree of partition and report of said commissioners, and decreed that 'This order and decree approving and confirming the aforesaid report and divesting and investing title as hereinbefore stated and decreed to the 53½ and 166⅔ acre tracts of land as well as the decree of partition in this cause made and entered as aforesaid on the 21st day of November, 1902, shall be forever held as muniments of title in favor of the respective parties to whom the respective tracts of land were allotted as aforesaid.' That said decree was duly entered in the minutes of this court and a copy is filed herewith and it and said copy are referred to and made part hereof.

"Plaintiffs further aver that said decree of partition so rendered by this court, as aforesaid was not placed of record in Gregg County, Texas, until to-wit, the 14th day of February, A. D. 1931.  ·

"That by reason of the facts aforesaid, said decree of partition, so entered by this court aforesaid, if not absolutely void, is, at least, voidable, and constitutes a continuous cloud on plaintiffs' title, and should be vacated, set aside and held for naught; that said Z. T. Howard and Dora · Fenton have long since disposed of the tracts allotted to them in said partition suit; that said Z. T. Howard and Dora Fenton are both dead; that the defendants herein are privies of said Z. T. Howard and Dora Howard Fenton, and their successors in title to their interests in said land so owned by said Z. T. Howard and Dora Howard Fenton, and are in exclusive possession of said land claiming title thereto under said decree of partition, aforesaid."

Plaintiffs then alleged that neither they nor their ancestors were aware that they had an interest in said land or that said partition suit had been filed, and did not discover the same until the summer of 1931; and that said Z. T. Howard, Job N. Howard, George E. Howard, and Dora Howard Fenton, and their successors in title, well knew that plaintiffs were descendants of the issue of said H. B. Howard's first and third marriages, and that they were interested in said land, and concealed said facts from them.  Then follows allegations upon which plaintiffs seek to have the land sold and the proceeds divided.

Plaintiffs prayed as follows: "Wherefore, premises considered, plaintiffs pray that defendants be cited to appear herein;  *  *  * and that on final hearing the plaintiffs have judgment and decree (1) vacating, annulling and setting aside said decree of partition entered by this court in cause No. 1530, entitled Z. T. Howard vs. Dora Fenton et al.; (2) for the title and possession of an undivided 2/12 interest in said land, and that a writ of restitution issue;  *  *  *  that said land be ordered sold, and the · proceeds of such sale divided between plaintiffs and defendants according to their respective inter-

ests; (6) for costs of suit and for such other and further relief to which they may be entitled."

Copies of the proceedings in the partition suit of 1902 were attached to the petition.

Appellees in due time filed their separate pleas of privilege to have the venue of this suit changed to the district court of Gregg county, the county of their residence and the county where the land is situated. At least some of the pleas are in statutory form, while others contain allegations of other matters not necessary here to notice. To these various pleas of privilege the appellants filed only a general demurrer. On February 8, 1933, the court after hearing argument on the demurrers to the pleas of privilege overruled the demurrers and entered judgment sustaining the pleas of privilege and ordered the case transferred to the district court of Gregg county. Appellants have appealed to this court for a review of the trial court's judgment.

■ We think appellants' suit is properly classed as one in equity to set aside and vacate the judgment of partition of 1902, which was rendered by the court in which this suit was brought. Appellants' petition contains all the essential allegations necessary in such suits. 25 T. J. § 236, p. 659.

■ But appellees insist that appellants could not maintain an action to vacate the judgment of 1902 because the appellants were not parties to such judgment. The suit of 1902 was a partition suit and appellants, under the allegations of their petition, were part owners of the land at the time of filing the suit and the judgment was entered. Such interest is sufficient to authorize appellants to maintain a proper proceeding to have such judgment vacated. Holloway v. McIlhenny Co., 77 Tex. 657, 14 S. W. 240; Harris v. Mayfield (Tex. Com. App.) 260 S. W. 835.

■ Further contention made by appellees is to the effect that appellants' petition alleged two separate causes of action having proper venue in different counties and such suits cannot be joined together in order to sustain venue in Wood county. This contention is predicated upon the idea that appellants' suit to set aside the partition judgment of 1902 in Wood county is one cause of action, and the allegations seeking to recover the two-twelfths interest in the land located in Gregg county is another and separate cause of action. If appellees are correct in their construction of appellants' petition in this respect, there is authority to support their contention. But we do not agree

that the petition states two separate causes of action so as to bring it within the above rule. On the contrary, we think the allegations in the petition in which appellants ask to recover the two-twelfths interest in the land and have the land involved partitioned are a necessary part of their cause of action to set aside and vacate the partition suit of 1902. In 25 T. J. § 245, p. 671, it is said:

"When a petition for equitable relief at a subsequent term is brought before the court, it is not contemplated that the cause shall be divided into two parts and tried by piecemeal—one in which a decision is rendered setting aside the judgment complained of and the other in which there is a trial on the merits. But every issue arising on the merits must be disposed of on hearing the petition for relief, and the relief prayed for is either denied or granted in the one proceeding. The proceeding has all the incidents of a trial and cannot be disposed of in a summary way as if it were a motion for a new trial.

"The rule above stated is said to be founded on common sense and reason, for it would be useless to set aside one judgment when the principles of equity would require another adjudication of like import. All the issues can be conveniently tried in the proceeding and the equities of the parties adjusted as the facts demand. Furthermore, a multiplicity of suits is thereby avoided."

■ It is settled law that the court will look to the petition of a plaintiff and determine the nature of the cause of action solely as a matter of law. Commercial Standard Ins. Co. v. Lowrie (Tex. Civ. App.) 49 S.W. (2d) 933, and authorities therein cited. The nature of this suit we have already concluded is an equitable proceeding directly attacking the 1902 judgment of partition. It follows as a matter of law that the district court of Wood county not only has exclusive venue of this suit, but exclusive jurisdiction as well. Borders v. Highsmith (Tex. Civ. App.) 252 S. W. 270. Venue and jurisdiction of appellants' suit being, then, in Wood county, as a matter of law, it was unnecessary for appellants to file a controverting affidavit to appellees' pleas of privilege, but their sufficiency could, as was done, be brought to the attention of the court by a demurrer. Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114, 115.

Believing the trial court was in error in sustaining the pleas of privilege and ordering the case transferred to Gregg county, the judgment is reversed, and the cause remanded for trial on the merits in the district court of Wood county.