## UNIVERSAL CREDIT CO. v. BOLING.

### No. 13518.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 12, 1937.

Rehearing Denied March 26, 1937.

S. L. Lewis, of Dallas, for appellant.

S. P. Boling, of Graham, for appellee.

SPEER, Justice.

S. P. Boling instituted a suit in the county court of Young county against the Universal Credit Company, a foreign corporation having a permit to do business in Texas, to recover the statutory penalty of double the amount of all interest paid by him to defendant on an alleged contract for the loan of money. Vernon's Ann.Civ.St. art. 5073.

The petition was filed on January 6, 1936, and citation issued returnable to the February term, shown to convene on February 3, 1936. Plaintiff's allegations show defendant had an agent and representative in Graham, Young county, Tex., upon whom service of citation could be had; that he purchased an automobile from La Sage Motor Company, at Graham, Tex., on June 1, 1934, for which he agreed to pay $752; that he paid $199 at the time of the purchase; that he borrowed from the defendant the remainder of the purchase money with which to pay La Sage Motor Company in the sum of $553, and defendant purchased and paid for insurance on the automobile, the premium being $18.13, making a total sum owing by plaintiff to defendant of $571.13; that defendant, acting by and through its agent, A. W. Swenson, who is also manager of the La Sage Motor Company at Graham, Texas, required plaintiff to execute his note or conditional sale contract in the sum of $694, payable in sixteen monthly installments, the first fifteen of which were for $30 each and the sixteenth being for $244; that he paid each and all of said installments within the sixteen months provided in the contract, the last payment being made on October 1, 1935. That by the terms of the contract, the plaintiff was required to pay and did pay to the defendant the sum of $122.87 as interest for the use and detention of $571.13 for a period of sixteen months; prayer was for judgment for double the amount of interest alleged to have been paid.

On February 3, 1936, return day in the cause, defendant filed a motion to quash the citation, and on the same day filed a plea of privilege, which plea was in statutory form (Vernon's Ann.Civ.St. art. 2007), containing the usual necessary expressions: "That no exception to the exclusive venue in the county of one's residence provided by law exists in this cause." And further: "That this suit does not come within any of the exceptions provided by law in such cases authorizing this suit to be brought or maintained in the county of Young, State of Texas, or elsewhere outside of the county of Dallas."

On February 6, 1936, the plaintiff filed his controverting affidavit to the plea of privilege, which alleged, substantially, as did the petition and refers to and makes the petition a part of the controverting plea.

The time for hearing the plea of privilege was set by the court for February 20, 1936, and notice thereof issued, but the notice was not served in time for the hearing on that date and the court of its own motion without prejudice reset the hearing on the plea for April 6, 1936.

On the last-mentioned date, the court entered an order overruling the motion to quash citation, and called a hearing on the plea of privilege, all parties appeared and trial was had. The court overruled plaintiff's general and special demurrers to the sufficiency of the plea of privilege, and after hearing the evidence adduced, overruled the plea of privilege, from which order this appeal is prosecuted.

There are no assignments of error brought forward for review by us, and under such conditions we can only consider fundamental errors, if any, appearing in the record. Defendant, the appellant here, recognizes that rule and has offered, in forms of propositions, a number of matters claimed to be fundamental errors, of which it is claimed we should take cognizance.

The propositions proposed by appellant cover such matters as:

When motion to quash citation is timely filed and no action is taken thereon during the term, it is waived and the defendant is

required to answer at the succeeding term of court.

The filing of motion to quash does not waive the right of a defendant to subsequently file a plea of privilege.

When a motion to quash citation is filed, plea of privilege subsequently filed is not subject to being controverted or considered by the court until the motion to quash is disposed of.

The filing of a plea of privilege deprives the court of jurisdiction to enter any other order in the case than to transfer the cause on the plea, unless a controverting plea is filed in the manner and within the time prescribed by law and a time set for hearing and notice thereof issued and served within the time prescribed by law.

When a plea of privilege is filed in a cause of action for usury the controverting affidavit must allege a cause of action for usury.

Other propositions were presented concerning the sufficiency of plaintiff's (appellee's) petition and controverting affidavit as to agency of the corporation to confer jurisdiction.

The view we take of this appeal renders it unnecessary to discuss at length any of the propositions made by appellant, since we do not consider them pertinent to this type of case and plea of privilege. This being a suit for usury, the statute fixes the venue and it is not controlled by general rules where it is dependent upon proof of facts raised by a controverting plea, but is a question of law requiring no proof. It is determined by the allegations of the petition and a plea of privilege in such cases must negative specifically the allegations in the petition which show venue. In such cases where the plea of privilege contains the statutory allegations only, and does not contain the further denial of the grounds of venue shown by the petition, it is insufficient in law and is subject to general demurrer. A controverting affidavit to a plea is designed to make an issue of fact for venue purposes requiring proof, but if the matter of venue is one of law no such issue is necessary to be made by a controverting affidavit, and it follows that proof of facts to sustain such allegations so made becomes unnecessary.

Rev.Civ.Statutes, art. 1995, provides many exceptions, which, when the facts are shown to exist, confer venue in places other than the residence of a defendant. Subdivision 30 of that article provides: "Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Article 5073 provides for actions to recover a penalty for usury and fixes, as a matter of law, where they may be maintained, in this language: "Such action shall be instituted in any court of this State having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where the parties who paid the usurious interest resided when such contract was made."

The case of Yates et al. v. State et al. (Tex.Civ.App.) 3 S.W.(2d) 114, 117, was a suit instituted by the state in the district court of Travis county for trespass to try title to lands situated in Pecos county and against persons residing in Pecos county. The defendants filed their plea of privilege alleging the place of their residence and the location of the land. The plea was in the usual and statutory form containing the provisions: "No exception to exclusive venue in the county of one's residence provided by law exists in said cause"; and that "this suit does not come within any of the exceptions provided by law in such cases authorizing this suit to be brought and maintained in the county of Travis." The state did not file a controverting plea to the pleas of privilege, but filed demurrers to the pleas, instead. The trial court, without hearing testimony, sustained the general demurrer of the State and overruled the pleas of privilege. The appellate court affirmed the judgment of the trial court under authority of article 5420, Rev.Civ.Statutes, which specifically confers jurisdiction in such cases in Travis county concurrently with that of the residence of defendants and the county in which the land is situated. No allegation was made in the pleas of privilege denying the facts existed which were relied upon by the state to confer jurisdiction in Travis county. The court held there being no such issue of fact raised, no proof was necessary, that the plea was demurrable, and properly over-

ruled the pleas based upon the allegations of the petition.

In the case of Schoellkopf v. Daves (Tex.Civ.App.) 71 S.W.(2d) 340, the holding in the Yates Case, supra, was followed with approval. There, it was held that where venue is fixed by statute, question of whether suit may be maintained in a given county is one of law, and a formal plea of privilege tenders no issue of fact in the absence of allegations that the nature of the suit was fraudulently characterized to show local venue.

The case of McCook v. Amarada Petroleum Corporation et al. (Tex.Civ.App.) 73 S.W.(2d) 914, 918, involved a suit instituted in Wood county to set aside a judgment formerly rendered by the district court of that county. The defendants all resided in counties other than that in which the suit was instituted. They timely filed their pleas of privilege in statutory form, there being no special allegation in the pleas raising an issue of fact as to the venue of the suit in Wood county, as alleged in plaintiff's petition. No controverting plea was filed by plaintiff but he urged a demurrer to the sufficiency of the plea of privilege; the demurrers were overruled by the trial court and on appeal the case was reversed. In discussing the matter, the court said: "We think appellants' suit is properly classed as one in equity to set aside and vacate the judgment of partition of 1902, which was rendered by the court in which this suit was brought. * * * It follows as a matter of law that the district court of Wood county not only has exclusive venue of this suit, but exclusive jurisdiction as well. * * * Venue and jurisdiction of appellants' suit being, then, in Wood county, as a matter of law, it was unnecessary for appellants to file a controverting affidavit to appellees' pleas of privilege, but their sufficiency could, as was done, be brought to the attention of the court by a demurrer. Yates et al. v. State (Tex.Civ.App.) 3 S.W.(2d) 114, 115."

The petition of appellee in this case was clearly shown to be one for usury; that the contract out of which the action grew was entered into with the appellant acting through its agent A. W. Swenson at Graham in Young county, Tex., and that appellee resided at Graham in Young county, Tex. The law fixes the venue of such suits, concurrently, "where said contract has been entered into, or where the parties who paid the usurious interest resided when such contract was made." Appellant's plea of privilege did not negative by allegations of facts which would place venue elsewhere, and the trial court should have sustained the general demurrer presented by appellee to the plea of privilege.

The trial court permitted a controverting affidavit to be filed and heard testimony upon the issue purported to be made, but all this was unnecessary, and the fact that the plea of privilege was overruled after hearing evidence, affords the appellant no ground of complaint; nor does such action of the court present fundamental error of which we must take notice. The same result was reached by the court as would have been reached had he sustained the general demurrer to the plea of privilege and thereby overruled it.

The several propositions presented by appellant, as indicated in the first part of this opinion, are not applicable to the issues made by the pleadings and they are overruled.

The judgment of the trial court is affirmed.