## UNIVERSAL CREDIT CO. v. BOLING.

### No. 13518.

Court of Civil Appeals of Texas. Fort Worth.

June 4, 1937.

Motion to Certify to Supreme Court Overruled Sept. 17, 1937.

For original opinion, see 103 S.W.(2d) 253.

S. L. Lewis, of Dallas, for appellant.

S. P. Boling, of Graham, for appellee.

SPEER, Justice.

This appeal was before us on a previous day in this term. On February 12, 1937, we rendered an opinion in which we affirmed the order of judgment of the county court of Young county. This case is reported as Universal Credit Co. v. Boling, 103 S.W. (2d) 253. We overruled appellant's motions for rehearing and to certify on March 26, 1937. Subsequent to the last-mentioned date appellant applied to the Supreme Court for a writ of mandamus to require this court to certify the question involved to the Supreme Court. This application was styled Universal Credit Co. v. Hon. Irby Dunklin et al., 105 S.W.(2d) 867, 868 (not yet reported [in State report]).

On April 28, 1937, the Supreme Court denied appellant the right to file its application for mandamus, because of the insufficiency of its application, which reason is fully set out in the per curiam opinion by that court.

When the Supreme Court found appellant's application for mandamus insufficient and for that reason denied it, that court had disposed of all matters then properly before it. But that court did not stop there but offered the helpful suggestion that, by overruling the motion for leave to file the petition for the writ of mandamus, it was not intended to convey the idea that it approved the holding of this court, and the theory upon which it based the affirmance of the judgment.

In the original opinion by us in this case, we held that, because there was a suit to recover the statutory penalty for usurious interest paid, the venue in the suit was placed by law under article 5073, Rev.Civ.Statutes; that under plaintiff's pleadings the venue was fixed in Young county, Tex.; and we further held that the usual and customary plea of privilege by defendant was not available to it but was subject to a general demurrer. In these holdings we attempted to follow the ruling announced in Yates et al. v. State (Tex.Civ.App.) 3 S.W. (2d) 114; Schoellkopf Co. v. Daves (Tex. Civ.App.) 71 S.W.(2d) 340; McCook v. Amarada Petroleum Corporation (Tex. Civ.App.) 73 S.W.(2d) 914.

In the per curiam opinion by the Supreme Court, above referred to, it was said: "It is our opinion that the latter part of article 5073, Revised Civil Statutes of 1925, is a special venue statute pertaining to suits for penalties for the collection of usurious interest. It permits the plaintiff to file such suit in the county of defendant's residence, or in the county where such usurious interest shall have been received or collected, or where the contract has been entered into, or where the party who paid the usurious interest resided when the contract was made. A law of this character authorizing a particular action and prescribing its venue is expressly made a part of the venue statutes by the terms of exception No. 30 of article 1995. The plea of privilege in the form prescribed by article 2007 was prima facie proof of the defendant's right to a change of venue, and after its filing the burden was on the plaintiff both to allege and to prove as venue facts one of the following: (1) that the defendant's domicile was in Young county; (2) that usurious interest was received or collected in Young county; (3) that the usurious contract was entered into in Young county; (4) that the party who paid the usurious interest resided in Young county when the contract was made. Ballard v. Shock (Tex.Civ.App.) 91 S.W.(2d) 385. See, also, Compton v. Elliott, 126 Tex. 232, 88 S.W.(2d) 91, and authorities there cited."

From the foregoing quoted portion of the per curiam opinion by the Supreme Court, it will be seen that we were in error in our conclusions that the trial court should have sustained a general demurrer to defendant's plea of privilege. It is apparent that the controverting affidavit required by law and proof of venue facts should have been made upon the trial.

Out of deference to the expressions by the Supreme Court above mentioned and irrespective of its refusal to permit the filing of a motion for mandamus against this court, we here and now withdraw the opinion rendered by us on February 12, 1937, as published in 103 S.W.(2d) 253, and substitute in lieu thereof the following opinion:

838

## Substitute Opinion.

Plaintiff S. P. Boling, sued defendant, Universal Credit Company, in the county court of Young county, Tex., in double the amount of all interest paid on a loan of money, under allegations that defendant was a foreign corporation authorized by law to transact business in Texas and that it had an agent in Young county, Tex., for the transaction of its business in that territory in the person of A. W. Swenson. Further allegation was made that plaintiff had purchased an automobile from the Le Sage Motor Company in Graham, Young county, Tex., at an agreed price of $752; that insurance had been purchased on the car with a premium of $18.13 due thereon; that plaintiff made a down payment in trade, amounting to $199, leaving a balance unpaid of $571.13; that A. W. Swenson, manager of the Le Sage Motor Company, informed the plaintiff that he could borrow this deferred payment from the Universal Credit Company by executing a chattel mortgage on the car; that plaintiff agreed to borrow said money and the said A. W. Swenson then and there drew up an instrument purporting to be a conditional sales contract which recited an unpaid balance on the car of $694, and that the difference in the sums so recited in the conditional sales contract and the amount actually owed by plaintiff was $122.87, and that the contract provided for payment by plaintiff in 16 monthly installments, all of which were promptly paid by plaintiff; that he made all of said payments when due and in this manner discharged to defendant the whole obligation, aggregating $694; that he only borrowed $571.13 from defendant with which to pay the Le Sage Motor Company, but that in the payment to defendant of $694 he repaid the principal sum so borrowed together with $122.87 interest thereon for a period of 16 months.

Allegation was made that the purported sale contract was a fraudulent device and subterfuge prepared by defendant, and its agent, A. W. Swenson, and plaintiff was required to execute the same in order to borrow the $571.13 from defendant with which to pay the Le Sage Motor Company; that said purported contract did not speak the true facts, especially wherein it recited plaintiff was indebted to the Le Sage Motor Company in the sum of $694.

■ The defendant filed its plea of privilege reciting, among other things, that it was a corporation incorporated under the laws of another state with a permit to do business in Texas, maintaining its principal office and domicile in Dallas, Dallas county, Tex. The plea of privilege contained all the requisites prescribed by article 2007, Rev.Civ.Statutes. Our attention has been directed to the fact that the plea of privilege did not specifically deny that defendant was a resident of Young county at the time the process in this suit was served upon it, but in this connection the plea does recite, "because it says that it is not now and was not at the time this suit was instituted, *nor at any time since*, nor at the time of filing this plea, a resident of the County of Young, the county in which this suit was instituted and is now pending. * * *" (Italics ours.) We think the plea of privilege sufficiently meets the requirements laid down by statute in such matters.

Plaintiff timely filed his controverting affidavit to defendant's plea of privilege in which he repeated the allegations of his petition and made the petition a part of the controverting plea, alleging, in addition to the original petition, that he was a resident of Young county, Tex., on and prior to June 1, 1934, at the time he entered into the contract described in his pleadings and that he likewise resided in Young county, Tex., at all times when payments were made on the contract as well as when this suit was filed, and again summarizes his several pleas in this language: "Defendant is entitled to be sued and plaintiff is entitled to maintain this suit in the county of Young where this plaintiff resides, where the contract was made, where the usurious interest was paid, and where plaintiff now has his domicile, as made and provided in article 5073, Rev.Civ.Statutes."

Plaintiff claimed venue under subdivision 27, article 1995, Rev.Civ.Statutes of 1925.

■ A hearing upon the issues made by the pleadings was set by the court, and counsel for all parties appeared and plaintiff offered testimony sufficient, we think, to establish a prima facie case, to the effect that he had paid to defendant more than 10 per cent. per annum for the use of $571.13, and that the payment thereof was made by plaintiff in Young county; and furthermore that the plaintiff resided in Young county when the usurious contract was entered into.

The testimony offered by plaintiff was to the effect that he had purchased a car from the Le Sage Motor Company at Graham,

Tex., and had agreed to pay $752 therefor; that he had paid $199 down on the deal; and that he borrowed the difference between $752 and $199, or $553, from defendant. Following this statement, plaintiff also said that a policy of insurance upon which the premium was $18.13 was purchased against the car, and that this amount should be added to the $553, making a total of $571.13, which he owed to the Le Sage Motor Company; that A. W. Swenson, the manager of the Le Sage Motor Company, told him that defendant company would loan him the amount owing on his car if he would make a mortgage on it; that he agreed to borrow this money, and Mr. Swenson, having in his possession the blanks for that purpose, prepared the papers for plaintiff and the Le Sage Motor Company to sign, which proved to be a form of conditional sales contract, by the terms of which it was provided that plaintiff would pay $694 to the Universal Credit Company in 16 monthly installments; that he had made all payments and both the Le Sage Motor Company and defendant company had declared their respective obligations fully paid.

Plaintiff testified that Mr. Swenson and Mr. Anderson, another employee of the Le Sage Motor Company, stated that the difference in the amount of the contract and the amount of his debt was carrying charges required by defendant. Plaintiff testified that all payments on the obligation were made by him sometimes in cash and sometimes by check, but each payment was made to Mr. A. W. Swenson and the Le Sage Motor Company in Graham, Young county, Tex.

Plaintiff testified, in addition to the above, that he paid $122.87 for the use of $571.13 for a period of 16 months; that he complained to Mr. Swenson when it was disclosed that there would be $122.87 as carrying charges, but that Mr. Swenson said he could not help it, for that was the amount defendant company would charge and stated that, of course, in reality, it was interest to carry the debt for 16 months on that amount of money.

Plaintiff testified that he lived in Young county at the time the contract was executed and that he had continuously lived there subsequent to making the contract, which, of course, included the time during which he was making payments in Graham, Young county, Tex., on the contract.

As hereinabove shown, plaintiff alleged defendant was a corporation and had an agent and representative in Young county. The plea of privilege of defendant admitted its corporate existence and obviated any necessity of proof of that fact. But plaintiff failed to prove that A. W. Swenson, whom he claimed to be defendant's agent, resided in Young county. He did prove that his negotiations in the matter with Swenson were in Young county, but this did not amount to proof that Swenson resided there. If proof had been made that defendant had a resident agent and representative in Young county, plaintiff would have brought himself within a portion of exception No. 23 of article 1995, Rev.Civ. Statutes. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.(2d) 978.

There were no objections and exceptions to the manner in which plaintiff made his proof before the court, and it is unnecessary for us to pass upon the weight of the testimony offered, but, in the absence of objections and exceptions, or even controverting facts, the evidence was of sufficient probative force to support the trial court's finding in overruling the plea of privilege. The effect of the court's ruling was (1) that usurious interest was received or collected in Young county; (2) that the usurious contract was entered into in Young county; (3) that the party who paid the usurious interest resided in Young county when the contract was made. These were three of the requisites made by the Supreme Court in the per curiam opinion above referred to, necessary to establish venue in Young county, Tex. .

In our original opinion we followed the rule announced in the three decisions by as many Courts of Civil Appeals, believing the rule a sound one. Our Supreme Court did not comment upon the conclusions reached by those courts, but we take it to mean that the principle there announced is overruled. Those cases did not reach the Supreme Court, and it was not material to a holding in this case that they should be referred to by that court.

Plaintiff introduced in evidence the mortgage or purported sales contract pleaded by him as constituting a fraud and scheme devised by defendant to cover up the vice of usury in the transaction between the parties. There are matters contained in this instrument which could be construed as raising an issue of whether or not any

usurious interest was in fact paid. The plaintiff, having attacked the instrument in his pleadings, was not bound by its contents when offered for the purpose of proving that it did not contain the true facts about the transaction in controversy. At any rate, the trial court heard all the testimony and concluded the truth was with plaintiff under his allegations and proof.

We have again carefully read this entire record more than once and believe the conclusions of the trial court and the judgment rendered therein were supported by ample testimony, and, there appearing no fundamental error in the record on points other than the one discussed, the judgment of the trial court is affirmed.

We granted defendant's motion to file a second motion for rehearing, have received and considered the same, but; with the explanations relating to our original opinion, the motion for rehearing is overruled.