Ray COWAN, Appellant,

v.

STATE of Texas, Appellee.

No. 10,969.

Court of Civil Appeals of Texas.

Austin.

March 21, 1962.

Rehearing Denied April 11, 1962.

Jake Jacobsen, Austin, for appellant.

Will Wilson, Atty. Gen., Gordon C. Cass, Vernon O. Teofan, Houghton Brownlee, Jr., Asst. Attys. Gen., Austin, William S. Lott and J. R. Owen, Georgetown, for appellee.

RICHARDS, Justice.

Suit was brought by the State of Texas, appellee in the District Court of Williamson County, Texas, against Ray Cowan and others, all of whom reside in counties other than Williamson, for the recovery of penalties and injunctive relief under the Texas Anti-Trust Statutes (Arts. 7426–7447, Vernon's Ann.Civil Statutes). On September 11, 1961 defendant Ray Cowan, appellant, filed his plea of privilege under the provisions of Art. 1995, Vernon's Civil Statutes, to be sued in Travis County, the county of his residence, which plea of privilege was in proper form and duly served on appellee on September 12, 1961 as provided in Rule 86, Texas Rules of Civil Procedure. On September 25, 1961 appellee filed a pleading in two parts, the first part being designated as a "Motion to Quash" and the second part as a "Controverting Affidavit." On October 27, 1961 appellant filed his motion to strike the controverting plea for the reason that it was not filed within the ten day period required by Rule 86.

At the hearing on the plea of privilege appellant urged his motion to strike but the Trial Court decided to hear the motions urged by both parties prior to entering his rulings thereon, stating that there would be no waiver of the respective positions of the parties if they would proceed with the arguments.

During the hearing on appellee's motion to quash appellant's plea of privilege, appellee offered in evidence its petition in the main suit which was objected to by appellant for the reason that appellee having failed to timely file his controverting plea the Trial Court could not consider appellee's petition as evidence of any venue fact.

At the conclusion of the argument the Trial Court sustained appellee's motion to quash the plea of privilege, overruled appellant's motion to strike the controverting affidavit and overruled his plea of privilege, from which ruling appellant has perfected this appeal.

Appellant assigns as error the actions of the Trial Court (1) in failing to sustain his plea of privilege which was regular on its face because no controverting plea was timely filed; (2) in overruling his motion to strike the controverting plea of the State since good cause for its late filing was not shown, and (3) in sustaining appellee's motion to quash the plea of privilege thereby holding that a demurrer or other similar pleading is sufficient against a plea of privilege although not timely filed.

In the pleading filed by appellee, the part designated as the "Motion to Quash" states under oath that "it is a fact that said suit" is of a civil nature brought under Title 126, Arts. 7426–7447, V.C.S. and that Art. 7436, V.C.S. places venue in Williamson County. The part entitled the "Controverting Affidavit" in addition to setting out the grounds relied upon to maintain venue in Williamson County previously alleged in the "Motion to Quash" denies under oath the allegation in the plea of privilege that there is no exception to exclusive venue in the county of appellant's residence. Each of the designated instruments referred to and adopted appellee's petition and the allegations contained therein, which allegations were verified under oath as being true and correct.

■ Appellant concedes that each of the instruments come within the definition of the controverting plea referred to in Rule 86 as being a plea under oath setting out specifically the grounds relied upon to confer venue, which must be filed within ten days. It is well settled that if a plaintiff desires to file a controverting plea containing a demurrer to or a motion to quash a plea of privilege in addition to the other matters required in the controverting plea

under Rule 86, such pleadings may be included as part of the controverting plea but must be filed within the time permitted by the rule.

From the beginning of the jurisprudence of this State, the law has given to a litigant defendant the right to be sued in the county in which he is domiciled subject to certain exceptions. This policy is stated in Pool v. Pickett, 8 Tex. 122, as follows:

"The cherished policy of the law is that the inhabitants of the State shall be sued in the counties in which they respectively have their domiciles. This is the general rule, modified by certain exceptions specifically designated by the statute. This was the rule under the former or Spanish system of jurisprudence, and it has always been regarded as just in itself and eminently advantageous to defendants, for whose benefit it was intended.

"This rule cannot be defeated by any evasions or artifices intended merely for that purpose. The defendant cannot be dragged from the forum of his own domicile by any mere contrivance to evade the domestic jurisdiction."

which right appellant asserted by filing his plea of privilege to be sued in Travis County, the county of his residence, as required by Rule 86.

But Rule 86 also provides that after a plea of privilege has been filed:

"If such adverse party desires to controvert the plea of privilege, he shall within ten days after he or his attorney of record received the copy of the plea of privilege file a controverting plea under oath setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

When appellant filed his plea of privilege to be sued in Travis County, if appellee desired to controvert it it was necessary under Rule 86 to file a controverting plea specifically alleging facts to establish venue in Williamson County. Rule 86 contemplates that the controverting plea constitutes the plaintiff's pleadings on the issue of venue and places the burden upon him to plead therein the facts which will sustain venue in the county where the suit is filed. Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391, 393; A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 622.

Appellee's controverting affidavit was not timely filed within the ten day period, in which case by a showing of good cause for failure to file the plea within the time required, the Trial Court within its discretion could have permitted the late filing and considered the plea of privilege and controverting affidavit on their merits. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978, 981. Here, however, appellee's counsel did not attempt to show good cause or request the Trial Court for permission to file its controverting affidavit for good cause under the provisions of Rule 5, T.R.C.P., and there was no waiver by appellant of the late filing of the controverting affidavit.

On the contrary, appellant filed his motion to strike the instrument designated as a "Motion to Quash" and "Controverting Affidavit." The Trial Court, however, contrary to the provisions of Rule 86 and Rule 5, permitted the filing of the so-called controverting affidavit, overruled appellant's motion to strike it, sustained the motion to quash and overruled the plea of privilege.

■ It is fundamental that when a plea of privilege has been filed and no controverting affidavit is filed within the time required by law and the time for such filing is not extended under Rule 5, the Trial Court is without jurisdiction to enter any order other than an order transferring the cause to the proper court. Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154, 155; Beard Drilling Co., Inc. v. Wilson, Tex.Civ.App., 348 S.W.2d 252, 254, error dism.; Southern Insurance Co. v. Rogers, Tex.Civ.App., 342

S.W.2d 135, no writ history; Durrett v. Arctic Air, Inc., Tex.Civ.App., 319 S.W. 2d 937, no writ history.

In its motion to quash appellee relies upon the provisions of Art. 7436, V.C.S., to maintain venue in Williamson County contending that (1) no plea of privilege is available to appellant since the phraseology of Art. 7436 precludes any transfer of a suit except upon change of venue allowed by the Court and (2) in the alternative, if a plea of privilege can be filed, it is subject to attack by the motion to quash even though such motion was not filed in the time provided by Rule 86, citing Yates v. State, Tex. Civ.App., 3 S.W.2d 114, no writ history, in support of its alternative contention.

Art. 7436 is, in part, as follows:

"Each firm, person, corporation or association of persons, who shall in any manner violate any provision of this subdivision shall, for each day that such violation shall be committed or continued, forfeit and pay a sum of not less than fifty nor more than fifteen hundred dollars, which may be recovered in the name of the State of Texas *in the district court of any county in the State of Texas, and venue is hereby given to such district courts. When any such suit shall have been filed in any county and jurisdiction thereof acquired, it shall not be transferred to any other county except upon change of venue allowed by the court."* (Italics supplied.)

Appellant on the contrary contends that Art. 7436 is a law authorizing or regulating a particular character of action (the Texas Anti-Trust Law) and comes within the class of actions specified in Exception 30, Art. 1995 and hence is subject only to attack as a plea of privilege case in the manner provided by Rules 86, 87, 89 and 385, T.R.C.P. (formerly Arts. 2007, 2008, 2019 and 2020, V.C.S.) and not by a motion to quash, a demurrer or special exception or other pleading, relying upon Universal Credit Co. v. Dunklin, 129 Tex. 324, 105 S.W.2d 867.

Exception 30 to Art. 1995, V.C.S., reads as follows:

"30. Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Yates v. State, supra, involved a venue question arising under the provisions of Art. 5420, V.C.S., where no controverting affidavits were filed to the pleas of privilege. Motion to strike the demurrer was based upon the grounds (1) that since the pleas of privilege were not controverted by a plea under oath, the right to change the venue could not be raised by demurrer, (2) that the demurrer did not constitute a controverting plea to the plea of privilege within the purview of Art. 2007 (Rule 86), (3) that the demurrer came too late being filed more than three months after the pleas of privilege were filed, and (4) that the demurrer not being a controverting plea, the allegations of plaintiff's petition could not be used as a pleading thereon or as evidence. The Trial Court overruled the motion to strike, sustained the demurrer and overruled the plea of privilege on the ground that as a matter of law defendants were not entitled to a change of venue.

Appellee cites a number of cases as being in accord with and affirming the ruling of this Court in the Yates case. In Barnum v. Lancaster Hardware Co., Tex.Civ.App., 40 S.W.2d 1103, error dism., the Trial Court sustained the motion to strike the controverting plea because filed subsequent to the statutory time when such plea could have been legally filed but sustained the demurrer to the plea of privilege, holding as follows:

"If a plea of privilege be filed in a pending suit, and the allegations of fact contained therein are sufficient to make a prima facie case for the removal of the cause to the county of defendant's residence, then the plaintiff must file a controverting affidavit, or the court

must accept as true the venue facts, as alleged in defendant's plea of privilege, and enter a judgment of removal. However, if the allegations of fact in the plea of privilege are insufficient on their face to make a prima facie case for removal under the allegations of plaintiff's petition, and such insufficiency is brought to the attention of the court by a proper execution to the plea of privilege, it becomes the duty of the court to determine plaintiffs' exception under the allegations of his petition. Yates et al. v. State et al.; Humble Pipe Line Co. v. Kincaid, supra [Tex.Civ. App., 19 S.W.2d 144]."

The Court's opinion was rendered June 20, 1931.

In Lloyds America v. Lloyds Southwest Insurers, Tex.Civ.App., 56 S.W.2d 477, error dism., the Trial Court sustained plaintiff's general demurrer to the pleas of privilege although controverting affidavits had been timely filed. The Court of Civil Appeals in an opinion rendered January 11, 1933, held that the Trial Court erred in sustaining the demurrer but should have completed the hearing of the venue issue made by the plea of privilege and the controverting affidavit.

In Miller v. Burnet Mercantile Co., Tex. Civ.App., 65 S.W.2d 505, error dism., the Trial Court sustained a general demurrer to the plea of privilege from which action there was no appeal and judgment was entered for plaintiff. The defendant sought injunctive relief against the enforcement of the judgment against him and the Trial Court granted a temporary injunction which was later dissolved and the case dismissed. The Court of Civil Appeals held by way of *dictum* that under the ruling in the Yates case the Trial Court could pass upon the sufficiency of the plea of privilege in sustaining the general demurrer. The Court's opinion was rendered November 9, 1933.

In Schoellkopf Co. v. Daves, Tex.Civ. App., 71 S.W.2d 340, no writ history, the plea of privilege was not controverted although special exceptions were directed to its sufficiency in plaintiff's supplemental petition. The Court of Civil Appeals held that the rule has been definitely settled that a statutory plea of privilege not controverted by setting up under oath the fact or facts relied upon to confer venue should be sustained and the venue changed, but stated where venue is fixed by statute, a formal plea of privilege tenders no issue of fact to be tried, in which case the plea is demurrable, citing the Yates case, opinion rendered April 14, 1934.

In McCook v. Amarada Petroleum Corp., Tex.Civ.App., 73 S.W.2d 914, no writ history, pleas of privilege were filed but were not controverted except by general demurrer which was overruled by the Trial Court and the pleas of privilege sustained. In holding that the Trial Court not only had exclusive venue but exclusive jurisdiction of the suit the Court of Civil Appeals held that it was unnecessary to file a controverting affidavit to the pleas of privilege since this could be brought to the attention of the Court by general demurrer, citing the Yates case. This opinion was rendered May 29, 1934.

It should be noted that in all of the foregoing cases the opinions of the Court of Civil Appeals were rendered prior to the rendition of the opinions by the Supreme Court of Texas on April 28, 1937 in Universal Credit Co. v. Dunklin, supra, and the Court of Civil Appeals on June 4, 1937 in Universal Credit Co. v. Boling, Tex.Civ. App., 108 S.W.2d 836, holding that where venue is expressly made a part of the venue statutes under exception 30, Art. 1995, V.C. S., such issue could not be raised by general demurrer but only by a controverting affidavit.

Other cases cited by appellee are Thompson v. Pure Oil Co., Tex.Civ.App., 113 S.W. 2d 662, no writ history, opinion rendered December 16, 1937, which although citing the Yates case does not sustain appellee's contention and Heard v. State, Tex.Civ.

App., 149 S.W.2d 237, no writ history. In the Heard case the State filed controverting affidavits to the pleas of privilege filed by all defendants, which controverting affidavits referred to and adopted the allegations of the State's petition. The State also filed general demurrers to the pleas of privilege, which were sustained by the Trial Court and the pleas of privilege overruled. The suit being one for the recovery of public lands in which the venue was fixed as a matter of law under Art. 5420, V.C.S., no issue of venue can arise under a plea of privilege. Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.2d 495, 498; Stanolind Oil & Gas Co. v. State, Tex.Civ.App., 153 S.W.2d 614, 616, no writ history.

But in Universal Credit Co. v. Boling, Tex.Civ.App., 103 S.W.2d 253, a suit to recover statutory penalties under Art. 5073, V.C.S., a special venue statute, the plea of privilege was filed by the defendant to be sued in the county of his residence and the controverting affidavit thereto was timely filed by plaintiff. The Trial Court overruled plaintiff's general and special demurrers to the plea of privilege and overruled the plea of privilege. The Court of Civil Appeals found that since this was a suit for recovery of usurious penalties, the statute which fixed the venue for such actions was not controlled by general rules depending upon proof of facts but was a question of law requiring no proof which could be determined by the allegations of the petition, cited the Yates case, and held that the Trial Court should have sustained the general demurrer to the plea of privilege.

The case reached the Supreme Court of Texas on Petition for Writ of Mandamus, Universal Credit Co. v. Dunklin, 129 Tex. 324, 105 S.W.2d 867, 868, and the Court after stating that it did not approve the holding of the Court of Civil Appeals upon which it based its affirmance of the Trial Court's judgment, held as follows:

"It is our opinion that the latter part of article 5073, Revised Civil Statutes of 1925, is a special venue statute pertaining to suits for penalties for the collection of usurious interest. It permits the plaintiff to file such suit in the county of defendant's residence, or in the county where such usurious interest shall have been received or collected, or where the contract has been entered into, or where the party who paid the usurious interest resided when the contract was made. A law of this character authorizing a particular action and prescribing its venue is expressly made a part of the venue statutes by the terms of exception No. 30 of article 1995. The plea of privilege in the form prescribed by article 2007, was prima facie proof of the defendant's right to a change of venue, and after its filing the burden was on the plaintiff both to allege and prove as venue facts * * *."

After the Supreme Court had rendered the foregoing opinion, the same case was again submitted to the same Court of Civil Appeals, Universal Credit Co. v. Boling, Tex.Civ.App., 108 S.W.2d 836, and in its opinion the Court stated as follows:

"In the original opinion by us in this case, we held that, because there was a suit to recover the statutory penalty for usurious interest paid, the venue in the suit was placed by law under article 5073, Rev.Civ.Statutes; that under plaintiff's pleadings the venue was fixed in Young county, Tex.; and we further held that the usual and customary plea of privilege by defendant was not available to it but was subject to a general demurrer. In these holdings we attempted to follow the ruling announced in Yates et al. v. State (Tex.Civ.App.) 3 S.W.(2d) 114; Schoellkopf Co. v. Daves (Tex.Civ.App.) 71 S.W. (2d) 340; McCook v. Amarada Petroleum Corporation (Tex.Civ.App.) 73 S.W. (2d) 914."

After quoting from the decision of the Supreme Court the Court stated further:

"From the foregoing quoted portion of the per curiam opinion by the Supreme Court, it will be seen that we were in error in our conclusions that the trial court should have sustained a general demurrer to defendant's plea of privilege. It is apparent that the controverting affidavit required by law and proof of venue facts should have been made upon the trial."

With respect to the holding in the Yates case the Court stated:

"In our original opinion we followed the rule announced in the three decisions by as many Courts of Civil Appeals, believing the rule a sound one. Our Supreme Court did not comment upon the conclusions reached by those courts, but we take it to mean that the principle there announced is overruled. Those cases did not reach the Supreme Court, and it was not material to a holding in this case that they should be referred to by that court."

In Fielder v. Parker, Tex.Civ.App., 119 S.W.2d 1089, no writ history, the Court held that where a plea of privilege has been properly filed without the filing of controverting plea, the sufficiency of the plea of privilege could not be attacked by demurrers or exceptions.

In view of the holding of the Supreme Court of Texas in Universal Credit Co. v. Dunklin, supra, if Art. 7436, V.C.S. is a special statute coming under the provisions of Sec. 30, Art. 1995, appellant's plea of privilege could only be attacked by appellee by timely filing his controverting plea asserting the right to maintain venue in the District Court of Williamson County, Texas, under Exception 30 and could not be attacked by appellee's motion to quash or any other similar pleading not filed in accordance with Rule 86.

However appellee's primary contention is that where a suit is properly filed in any District Court of the State of Texas under the provisions of Art. 7436, a plea of privilege will not lie since Art. 7436 is not a "special venue" statute coming within the provisions of Exception 30, Art. 1995, V.C.S. and therefore no controverting plea under oath need be filed since the question of venue is a question of law and not of fact, citing in support of its contention State v. Fairbanks-Morse & Co., Tex.Civ.App., 223 S.W.2d 339, no writ history, and Perfecto Gas Co. v. State, Tex.Civ.App., 228 S.W.2d 918, no writ history, which cases were relied upon by the Trial Judge for his ruling in sustaining the motion to quash and overruling the plea of privilege. Both of these cases were anti-trust cases.

In the Fairbanks-Morse case one of the defendants, after suit had been instituted in 1944, filed a plea of privilege to be sued in Dallas County, to which the State timely filed its controverting plea. The Trial Court did not act on the respective pleadings until 1946 when an Assistant Attorney General requested the Court to transfer the case to Dallas County which was done by order entered August 20, 1946. In Dallas County one of the defendants who had failed to file a plea of privilege in Runnels County filed its plea of privilege to be sued in Harris County, to which the State filed exceptions upon the ground that the Court was without authority to change venue or consider the plea of privilege because of the provisions of Art. 7436, which was overruled. The defendants also filed pleas to the jurisdiction of the Dallas County District Court, which, at a pre-trial hearing, were overruled, but the Trial Court sustained special exceptions to the petition and the State declined to amend.

On appeal the Court of Civil Appeals held that the Dallas County District Court was without power to enter any order in the case either on the merits or on the plea of privilege since the District Court in Runnels County was without authority to trans-

fer the case to Dallas County on the plea of privilege filed in the District Court of Runnels County, stating:

"* * * it is our opinion * * * that the Judge of the District Court of Runnels County was without power to change the venue on the plea of privilege of Gieb, and for the same reason the District Court of Dallas County never acquired jurisdiction or venue and was without power at any time to make any orders in the case except, to dismiss the same from the docket of the court and direct a return of the record to Runnels County where the suit has at all times pended."

The Court further stated by way of obiter dictum:

"What has been said disposes likewise with the action had on the plea of privilege. A plea of privilege does not lie in a case such as the instant case arising under the anti-trust statutes and the action of the trial court in overruling the plea would have been proper had it had the power to act, but since it had no such power the action taken is wholly ineffective and there is nothing before this court so far as the merits of the plea of privilege are concerned and the case brought here on the plea of privilege is accordingly dismissed."

In the Perfecto Gas Company case the defendant filed its plea of privilege, to which a controverting plea was timely filed, and on hearing the Trial Court overruled the plea of privilege. The controverting affidavit adopted the allegations of the State's petition which affirmatively showed that venue was maintainable in Travis County under the provisions of Art. 7436. On appeal this Court held that since the nature and character of a suit are to be determined from the allegations of the petition, Art. 7436 controlled the venue of the case, citing State v. Fairbanks-Morse & Co., supra.

The question before this Court for decision is whether Art. 7436, V.C.S. is a law authorizing or regulating a particular character of action within the meaning of Sec. 30, Art. 1995, V.C.S. so as to permit a plea of privilege to be filed by a non-resident defendant and the proceedings thereon conducted in accordance with the applicable rules of civil procedure or is it a law where venue is controlled by the statute itself and not by the provisions of Art. 1995 and the exceptions therein provided, such as Art. 5420, V.C.S. (State Public Lands), Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.2d 495, 498, or Art. 8307a, V.C.S. (Workmen's Compensation Act), Traders & General Ins. Co. v. Curby, Tex. Civ.App., 103 S.W.2d 398, no writ history; Texas Employers' Ins. Ass'n v. Ribble, Tex. Civ.App., 260 S.W.2d 719, no writ history.

It appears from the legislative history of Art. 7436 that prior to 1909 venue in anti-trust cases was provided as follows: "* * * in any county where the offense is committed or where either of the offenders reside, or in Travis County * * *." (Ch. 94, Sec. 11, Acts 28th Leg., R.S.1903.) But in 1909 the Act was amended to provide for venue in the District Court of any county in Texas and providing that after suit had been filed in any county and jurisdiction thereof acquired, it *shall* not be transferred to any other county except by change of venue allowed by the Court.

Since the amendment to Art. 7436 specifically provided that the only method by which an anti-trust suit could be transferred from the county in which it had been instituted was by order of the Trial Court transferring the case on its own volition or upon a motion for change of venue under Rule 257, T.R.C.P., it is our opinion and we hold that where a suit is filed by the State of Texas under the provisions of the anti-trust laws (Arts. 7426-7447, V.C.S.) in a District Court in any county of the State of Texas, venue is controlled by the provisions of Art. 7436 itself and not by the provisions of Art. 1995 and the exceptions therein provided, and a plea of privilege will not lie.

**178**

It is apparent from the allegations in the State's petition filed in the District Court of Williamson County that the action is under the anti-trust statutes (Arts. 7426–7447, V.C.S.), and since the Trial Court takes judicial knowledge of the allegations of the current pleadings filed in the cause, Eggenberger v. Brandenberger, 74 Tex. 274, 11 S.W. 1099; Deal v. Grand Finance Co., Inc., Tex.Civ.App., 228 S.W.2d 984, mand. overruled; Humphreys v. Young, Tex.Civ.App., 293 S.W. 655, 657, no writ history, it was the duty of the Trial Court to overrule the plea of privilege filed by appellant.

The judgment of the Trial Court overruling the plea of privilege is affirmed.

Affirmed.